# Commonwealth v. Seibert, Appellant.

*Criminal law—Practicing medicine without a license—Neuropathy—Physician.*

A person who is a graduate of the American College of Neuropathy and who describes himself as a doctor, may be convicted of practicing medicine and surgery without a license, where he practices a system which is described as "A science of the healing art by which all diseased conditions of the body are restored to health by regulating the blood supply to the involved areas through the nerve mechanism, but exclusively by the physical manipulation around and above the affected parts of the human body."

Argued Dec. 10, 1917.   Appeal, No. 329, Oct. T., 1917, by defendant, from judgment of Q. S. Philadelphia Co., Nov. T., 1916, No. 452, on verdict of guilty in case of Commonwealth v. John A. Seibert.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Indictment for practicing medicine and surgery without a license.   Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were in refusing various points and in overruling defendant's motion in arrest of judgment.

*Thomas S. Lanard,* for appellant.

*Joseph H. Taulane,* Assistant District Attorney, for appellee.

OPINION BY ORLADY, P. J., March 2, 1918:

The defendant, who is a graduate of the American College of Neuropathy, advertised his professional occupation by an office sign, "Dr. John A. Seibert, 521 North 19th Street," where he solicited, received patients, and charged fees for treatment by a system which is described as "A science of the healing art by which all diseased conditions of each and every part of the body are restored to health by regulating the blood supply to the involved areas through the nerve mechanism, but exclusively by the physical manipulation around and about the affected parts of the human body." He had no license from the State Bureau of Medical Education and Licensure, and ignored a notice from that bureau to comply with the law of this State, or desist from further practice of medicine. He was convicted for unlawfully practicing medicine and surgery; holding himself forth as a practitioner in medicine and surgery; assuming the title of doctor of medicine; and of diagnosing and treating diseases without first receiving a certificate from the proper authorities. A rule for a new trial, and a motion in arrest of judgment was overruled, and he presents his appeal to this court.

The question involved, has been so recently considered by this court in Commonwealth v. Byrd, 64 Pa. Superior Ct. 108, that it is not necessary to again review the reasons there given, nor the authorities cited. The practice of medicine does not wholly depend upon the administration of drugs. It is a matter of common knowledge that the use of drugs by doctors of medicine has materially decreased during the last decade, and that not infrequently the medical practitioner limits his efforts in relieving disease, to the regulation of diet and exercise,

or to prescribing changes of scene, climate or environment, and reaches a conclusion as to the needs of his patient through a proper diagnosis that is materially aided by his professional knowledge of disease, its origin, its anatomical and physiological features and causative relations: Swarts v. Siveny, 35 R. I. 1.

In order to practice medicine one need not cover the entire field of the science. If he devotes himself to a very restricted part of it, he may still be held to be practicing medicine. There has been great specialization in the profession, and the purpose of the statutes seem to be to permit the practice of special methods of treatment including everything that strictly belongs to each, provided such practitioners have the required general knowledge of medicine: Commonwealth v. Jewelle, 199 Mass. 559; Commonwealth v. Zimmerman, 221 Mass. 184. "To rule out of the profession great physicians whose work is confined to consultation, the diagnosticons, who leave to others the details of the practice, and the administration of drugs, or the use of surgical instruments, would be to eliminate a very important branch of medical and surgical practices": People v. Alleutt, 189 N. Y. 517. The law is not concerned with the question whether Chiropractice or Neuropathy is as good or better than other systems of treatment, but it is concerned with the grave question, that before any one shall undertake, no matter by what system, to diagnose, treat, operate upon, to prescribe or administer remedies or treatment for any physical or mental ailment or condition of another, for a fee or other consideration, he shall possess the learning and skill required by the statutes, produce a degree or diploma from a college meeting the requirements enumerated in the statute, and pass an examination before the State Board of Examiners, showing his competency: Medical Examiners v. Freenor, 154 Pa. Pacific Reporter 941.

This defendant has certainly undertaken, by a certain system or method of treatment, to cure and allevi-

274    COMMONWEALTH *v.* SEIBERT, Appellant.

ate disease and pain, and ignores our statutory requirements.    An interesting review of the decisions affecting this class of specialists is found in Lawyers' Reports Annotated, 1917, C. 822, where a large number of authorities are cited and classified.    The above authorities, supplementing the opinion filed by the learned trial judge, are a conclusive answer to the contention of the appellant.

The judgment is affirmed, and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with the sentence imposed.