## Commonwealth *v.* Martindell, Appellant.

*Physicians and surgeons—Chiropractics—Practicing chiropractics without a license—Act of June 3, 1911, P. L. 639, as amended by the Act of April 20, 1921, P. L. 158.*

Under the Act of June 3, 1911, P. L. 639, as amended by the Act of April 20, 1921, P. L. 158. A person who practices chiropractics, which is a science of healing by vertebral manipulation, practices medicine and surgery as there defined, and is properly convicted of a violation of the same if he practices his profession without first obtaining a license.

Argued November 20, 1923. Appeal, No. 142, Oct. T., 1923, by defendant, from judgment and sentence of Q. S. Bucks Co., Dec. T., 1921, No. 50, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. W. B. Martindell. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for practicing medicine without a license in violation of the Act of June 3, 1911, P. L. 639, as amended by the Act of April 20, 1921, P. L. 158. Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were, among others, the various rulings on evidence, the charge of the court and refusal to quash the indictment.

*Howard I. James,* and with him *Frank Winter,* of the Wisconsin Bar, for appellant.—The defendant was not engaged in the practice of medicine within the meaning of the Acts of 1911 and 1921: Martin v. Baldy, 249 Pa. 253; State v. Gallagher, 101 Ark. 693; State v. Fite, 29 Idaho 463; State v. Herring, 70 M. J. L. 34; State v. Liffring, 46 L. R. A. 334; Nelson v. State Board of Health, 50 L. R. A. 383.

*Harman Yerkes,* attorney for Bureau of Medical Education and Licensure of Penna., and with him *Hiram H. Keller,* District Attorney, for appellee, cited: 8 American and English Encyclopædia 286; Com. v. Drum, 58 Pa. 9; Weston v. Com. 111 Pa. 261; 8 American and English Encyclopædia 298; Com. v. Herr, 299 Pa. 132.

OPINION BY LINN, J., December 12, 1923:

From 1919 to 1922, defendant, a chiropractor, without having obtained a certificate of licensure from the Bureau of Medical Education and Licensure, as required by the Act of June 3, 1911, P. L. 639 (amended April 20, 1921, P. L. 158), pursued his vocation, which he testified to be an art of healing by vertebral manipulation.

He was accordingly indicted and convicted on counts respectively charging, that without having obtained the necessary certificate he (1) engaged in the practice of medicine and surgery, (2) held himself out as a practitioner of medicine and surgery, and (3) diagnosed disease.

This appeal is from that conviction, and while the argument in the briefs filed on his behalf, takes a wide range, the questions raised are so thoroughly settled against him, that only brief reference is necessary.

The statute provides a general system for the regulation of the practice of the art of healing comprised in the words medicine and surgery, taken in their most comprehensive sense: Com. v. Byrd, 64 Pa. Superior Ct. 108, 111, etc.; Com. v. Seibert, 69 Pa. Superior Ct.

271, 273; and 262 Pa. 345, 348. The record shows no infringement of any right under the due process clause of the 14th amendment: Collins v. Texas, 223 U. S. 288, and cases there cited. As he testified he practiced the art of healing by the method described, he was within the general terms of the statute; he made no effort to come within any exception.

There is no merit in his contention (really involving a contradiction in terms) that he made no diagnosis. "He, like others, must begin by a diagnosis. It is no answer to say that in many instances the diagnosis is easy—that a man knows it when he has a cold or a toothache. For a general practice science is needed. An osteopath undertakes to be something more than a nurse or a masseur, and the difference rests precisely in a claim to greater science, which the State requires him to prove. The same considerations that justify including him justify excluding the lower grades from the law": Collins v. Texas, supra, at page 296.

Appellant never applied for a certificate of licensure, and attempted to justify disregarding the statute, by saying he had been advised by counsel for the Chiropractic Association that chiropractors were not within the terms of the statute; the advice was wrong and constitutes no defense: Com. v. Byrd, supra; Com. v. Herr, 39 Pa. Superior Ct. 454; 229 Pa. 132; Reynolds v. U. S., 98 U. S. 145, 167.

Complaint is made that evidence was offered and excluded to show that the Bureau of Medical Education and Licensure "has certified no chiropractic college, alleging that under the law no chiropractor can be admitted to practice in this State." It was properly excluded. That fact is irrelevant in this case; if defendant has sustained any wrong by the bureau (though nothing here suggests it), his remedy is in another forum; as he never applied for a license, he may not, in defense of this prosecution, say one would have been refused if he had applied. Apart from that, it is in evidence in the

record that fifteen licenses to chiropractors were issued between 1918 and the date of appellant's trial.

We may refer briefly to some of the evidence concerning appellant's practice, holding out, and diagnosis. Mrs. Moore called him to treat her child, informing him, as she had learned from the attending physician whom she had dismissed, that the child was suffering with appendicitis. For three days, until its death, appellant treated the child. The mother testified: "he adjusted him and then he told me to give him hot water to drink. I give it to him and he said he would have him out in a couple days. Then he came again and he said he was better; and every time he came he said he was better. Then on Tuesday he came and he said he was beyond him; to get another doctor......He said that he would take his car and go back in one of the side streets; and after they went away he came back and he said not to tell the other doctors that he was there......I said, 'what would the doctors think if I told them you were not here?' So I told the other doctors that he had been there. When they came they wanted to know who was there."

Mrs. Forte testified appellant had treated her mother, that her mother had "doctored with him for over a year ......"; he was in attendance when she died. Dr. Abbott, who was summoned just before her death, testified that defendant then told him "he had been treating her"; he testified appellant "said he was trying to eliminate or throw off this poison, this ptomaine poison" by "adjusting the vertebræ, but I don't remember which one, but he said he was adjusting the vertebræ."

We need not recite the rest of the evidence; there was enough, if believed, to justify the jury in convicting, and we are as much bound by the verdict as he is.

From what has been said of the comprehensive sense in which the word medicine was employed, it is obvious that there is no basis for the argument that the title of the act did not give notice to those engaged in the chiro-

417, (1923).]        Opinion of the Court.

practic art of healing that they were included within its terms. Nothing debatable is suggested by any assignment of error and they are all overruled.

Judgment affirmed and record remitted to the court below and it is ordered that defendant, the appellant, appear in the court below at such time as he may be there called and that he be by the court committed until he has complied with the sentence imposed.