## Commonwealth of Pennsylvania v. Jobe, Appellant.

*Criminal law—Physicians—Failure to secure certificate—Board of Medical Education and Licensure—Act of June 3, 1911, P. L. 639.*

The Act of June 3, 1911, P. L. 639, requiring certificates from the Board of Medical Education and Licensure as a prerequisite to the practice of Medicine provides a general system for the regulation of the practice of the art of healing comprised in the words medicine and surgery, taken in their most comprehensive sense, whether with aid of drugs or any other remedial agencies whatever.

The general terms of the statute apply to anyone who practiced the art of healing, and is not expressly exempted from the requirements as to a certificate of licensure. Specialists in, or advocates of, any particular branch or division of medicine or surgery, by whatever newly coined word it may be known, may not engage in the practice of that profession in the Commonwealth without complying with the statutory requirements as to professional qualifications.

*Criminal procedure—Indictment—Quashed indictment.*

In the trial of an indictment for practicing medicine without license, etc., the records showed that the defendant had been arrested subsequent to a proper information, and had given bail for a hearing. After several adjournments, at which the defendant failed to appear the Magistrate returned the case to the next Court of Quarter Sessions. At this term the District Attorney presented a petition for leave to lay a bill of indictment, and the request was granted and a true bill found. The defendant thereupon moved to quash the indictment because of duplicity of record.

*Held:* That either the transcript of the magistrate or the order of the Court was a sufficient basis for an indictment. The fact that there were two bases for the indictment, not repugnant, did not compel the abandonment of either.

110, (1927).]    Syllabus—Opinion of the Court.

In the trial of an indictment for practicing medicine without a license, the evidence is sufficient to warrant a conviction if the Commonwealth proves on the trial that the defendant did the prohibited act. It need go no further and prove a negative by showing that the defendant had no license authorizing him to do it. The burden is on the defendant to produce a duly issued license authorizing him to practice.

Argued March 14, 1927. Appeal No. 139, April T., 1927, by defendant, from judgment of Q. S. Butler County, December Sessions, 1926, No. 55, in the case of Commonwealth of Pennsylvania v. W. H. Jobe, Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for practicing medicine without a certificate of licensure. Before HENNINGER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were the charge of the Court, answers to points, and refusal to quash the indictment.

*Geo. Ross Hull,* and with him *William H. Martin, Alfred M. Christley, Hunter E. Coulter* and *Andrew G. Smith,* for appellant.

*Thomas W. Watson,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., April 22, 1927.

Appellant is under conviction and sentence in the Court of Quarter Sessions of Butler County under a bill of indictment containing counts charging that within the jurisdiction of that court and without first having obtained a certificate of licensure from the Board of Medical Education and Licensure, as required by

the Act of June 3, 1911, P. L. 639, and its supplements and amendments, he (1) engaged in the practice of medicine and surgery, (2) held himself out as a practitioner in medicine and surgery, (3) assumed the title of doctor of medicine and surgery, (4) diagnosed diseases, (5) treated diseases by the use of medicine and surgery, and (6) held himself out as being able to diagnose and treat diseases. Sentence was imposed on the first count. He admits that he is a doctor of chiropractic, and as such has been engaged in the practice of medicine and surgery in the City and County of Butler for several years.

His first contention is, as we understand it, that the Act of 1911, with its supplements and amendments, does not apply to those persons who are engaged in that division of the healing art denominated chiropractic; that it provides no method by which a chiropractor may secure a license as such; and that, therefore, the penal clause cannot be invoked as to him, because he cannot properly be convicted "for not having a license which he could not get." The contention is wholly devoid of merit. It is based upon the false premise that the legislation does not regulate the "profession" of chiropractic, or provide for licensing chiropractors. True, it does not provide for licensing chiropractors as such. But, if anything is well settled by the decisions of the Supreme Court and this Court, it is that this legislation provides a general system for the regulation of the practice of the art of healing comprised in the words medicine and surgery, taken in their most comprehensive sense, whether with aid of drugs or any other remedial agencies whatever. (See Com. v. Martindell, 82 Pa. Superior Ct. 417; Com. v. Seibert, 69 Pa. Superior Ct. 271; 262 Pa. 345; Com. v. Byrd, 64 Pa. Superior Ct. 108) As appellant concedes that he practiced the art of healing and did not prove that he is one of those who are expressly exempted from the requirements of the statute as to a

certificate of licensure, the general terms of the statute applied to him. We may repeat our words in Com. v. Martindell, supra, that "the record shows no infringement of any right under the due process clause of the 14th amendment: Collins v. Texas, 223 U. S. 288, and cases there cited." Specialists in, or advocates of, any particular branch or division of medicine or surgery, by whatever newly coined word it may be known, should know by this time that the declared policy of our laws regulating medicine and surgery is that no person shall engage in the practice of that profession in the Commonwealth without complying with the statutory requirements as to professional qualifications and that efforts to evade those requirements are engaged in at their peril.

The second contention is that the court below should have quashed the indictment. No fault is found with the information. The transcript of the alderman as filed shows these facts: Pursuant to a proper information charging appellant with the offenses laid in the indictment a warrant for his arrest was issued. He was arrested and gave bail for a hearing. At his request the hearing was adjourned until November 22, 1926, at ten o'clock A. M., when the prosecutor and the district attorney, as well as counsel for appellant, appeared. At the request of the district attorney the hearing was continued until two o'clock P. M., when the prosecutor and the district attorney again appeared, but appellant and his counsel failed to appear. Whereupon, appellant's recognizance was forfeited and the hearing was continued until November 24th between the hours of seven and eight P. M. When that time arrived appellant and his counsel again failed to appear, but the Commonwealth called its witnesses and the alderman adjudged the testimony sufficient to hold appellant to answer at the next term of the Court of Quarter Sessions. The record shows that at the next term of said court the district attorney presented a

petition for leave to lay a bill of indictment before the grand jury charging appellant with the offenses named in the information. The request was granted and a true bill found. When the case came on for trial and, before plea entered, counsel for appellant moved that the district attorney "elect upon which record he stands, the district attorney's petition or the alderman's return." When the district attorney answered that he stood on the entire record, the learned trial judge denied the motion and noted an exception for appellant. Then followed appellant's motion to quash the indictment setting up, inter alia, that the district attorney's petition for permission to lay a bill of indictment before the grand jury does not show such an emergency as to require such a proceeding; that the petition was not sworn to as required by the rules of the court below; and that the proceedings before the alderman in the absence of appellant were had without notice to him or his counsel and the return thereof to the Court of Quarter Sessions was irregular and insufficient as the basis of an indictment. It is urged upon us that the indictment should have been quashed because of a duplicity of record, that is, because the Commonwealth was not required to elect to stand upon either the return of the alderman or the district attorney's petition for permission to lay an indictment before the grand jury. We fail to see any merit in this contention. Either the transcript of the magistrate or the order of the court is a sufficient basis for an indictment. The fact that there are two bases for the indictment, not repugnant, does not compel the abandonment of either, and the district attorney was justified in taking the position that he stood on the entire record. Nor is appellant in a position to urge the insufficiency of the proceedings before the alderman and the transcript thereof as returned to the quarter sessions. The transcript shows that his voluntary absence prevented the alderman from bind-

ing him over or committing him to jail in default thereof and there is no evidence to contradict it. The Commonwealth had the right to proceed with the hearing in appellant's absence. The case is not different from that in which a defendant who is present elects to waive a preliminary hearing. Such a waiver does not prevent the Commonwealth from proceeding with the same and calling its witnesses: Com. v. Keck, 148 Pa. 639.

Equally without merit is the complaint that the court below was without authority to authorize the district attorney to prefer the indictment before the grand jury without a previous binding over or commitment. This power is properly exercised whenever the exigencies of the case and the public interests may reasonably require such action to be taken: Com. v. Green, 126 Pa. 531. It is a matter largely within the discretion of the court: Com. v. Ramsey, 42 Pa. Superior Ct. 25; Com. v. Rothensies, 64 Pa. Superior Ct. 395. It is familiar law that it has been exercised with approval where the defendant has fled to escape arrest, or to prevent the running of the statute of limitations. It is properly exercised where the defendant has been arrested and forfeits his bail and fails to appear at the hearing before the magistrate, as in this case.

Another objection raised to the indictment is that the district attorney's petition asking leave of the court below to prefer the indictment before the grand jury was not sworn to as required by the rule of court of Butler County and as required by the Act of April 9, 1915, P. L. 72, providing that a judge of any court of record shall not in any matter or proceeding before him receive or consider any petition or paper in the nature of a petition alleging any matter of fact unless the petition or paper is duly verified as to such allegations. It is a complete answer to this complaint that the district attorney is not required to file a peti-

tion for leave to present a bill in this manner, nor set forth his reasons for presenting a bill in this manner: Com. v. Brown, 23 Pa. Superior Ct. 470; Com. v. Sharpless, 31 Pa. Superior Ct. 96. It was only necessary for the law officer of the Commonwealth to obtain the sanction of the judge of the court below of the presentation of the bill in this manner. When the bill is found with the approval of the court and a motion to quash is refused, the appellate court will not review the action unless there was a manifest and flagrant abuse of discretion: Rowand v. Com., 82 Pa. 405.

Lastly, it is urged that the learned court below erred in admitting the testimony of one Frye, a witness for the Commonwealth, to prove that appellant had no license to practice medicine. This testimony was objected to on the ground that the record in the office of the Superintendent of Public Instruction in Harrisburg (being the office in which certificates of licensure must be recorded) was the best evidence. It would not help appellant if we were to hold that the evidence was incompetent and that its admission was error because it is undoubtedly the law in Pennsylvania that when a defendant is indicted under a statute which makes it unlawful for any person to do a certain thing unless he has first obtained a license in the manner provided by the statute, and imposes a penalty for doing it without such license, it is sufficient to warrant a conviction if the Commonwealth prove on the trial that he did the prohibited act; it need go no further and prove a negative by showing that he had no license to do it. The burden is on the defendant to produce a duly issued license authorizing him to do it: Com. v. Wenzel, 24 Pa. Superior Ct. 467; Com. v. Clymer, 217 Pa. 302, and Com. v. Holstine, 132 Pa. 357, 361. The same principle has been recognized in other states where it is held that if the defendant relies on a license as a defense the burden is on him to

produce a license which authorizes him to do the thing which he is indicted for doing: State v. Foster, 23 N. H. 348, 55 Am. Dec. 191; Jefferson v. People, 101 N. Y. 19; Taylor v. State, 49 Ind. 555; State v. Ahern, 54 Minn. 195; Plainfield's Treasurer v. Watson, 57 N. J. L. 525; Com. v. Curran, 119 Mass. 206; Lambie v. State, 151 Ala. 86; Josey v. State, 88 Ark. 269. This rule is in harmony with the weight of authority in other jurisdictions. (See Jones on Evidence Ed. 1908, Par. 181.) Appellant did not produce a license and admits that he had none and never even applied for one.

The remaining question stated in appellant's brief was withdrawn at the oral argument. On the whole record it is clear that appellant received a fair trial and was properly convicted.

All of the assignments of error are overruled and the judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.