T. B. Pearman & Co. Inc. *v.* Damus Bros. Co. Inc.,
Appellant.

Argued October 28, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*John J. Pentz,* and with him *W. C. Pentz* and *Ross H. Pentz,* for appellant.

*Clarence R. Kramer,* and with him *A. G. Kramer,* for appellee.

OPINION BY BALDRIGE, J.: January 29, 1930:

This action of assumpsit was brought to recover the sum of $1,089.60. The plaintiff's claim was made up of the following items:

| | | |
|---|---|---|
| (1) | Proceeds of a car of string beans . | $733.00 |
| (2) | Proceeds of a car of melons ...... | 59.53 |
| (3) | Proceeds of a car of potatoes ..... | 163.80 |
| (4) | Proceeds of a car of melons ...... | 151.19 |
| | Total ...................... | $1,107.52 |
| | Less credit allowed ........... | 17.92 |
| | Net amount ................. | $1,089.60 |

The defendant denied liability for the car of beans except to the extent of $117.25, less 7% commission amounting to $8.21. The defendant alleged a set-off for freight, reconsignment charges and demurrage growing out of the shipment of the car of beans from Richmond to DuBois and from DuBois to Pittsburgh and from Pittsburgh back to DuBois, amounting to $426.95. The jury found a verdict in favor of the plaintiff in the sum of $374.49. The defendant made a motion for a new trial and for judgment n. o. v.; both of these motions were refused and the defendant appealed.

Under an oral contract, a car of beans was consigned to the appellant with instructions to sell on commission. The appellant contends that when the beans arrived they were not of the quality represented by the appellee and not marketable at DuBois; and they were then forwarded to Pittsburgh. There was no sale for them there, and, as a result, the beans were reconsigned to DuBois, where they were eventually sold for the sum of $117.25.

The appellant complained of the court's charge to the jury respecting Damus' duty upon receipt of the beans. The judge instructed the jury that the appellant was required "to use reasonable diligence" in the disposal of the beans and if they were unfit for sale that Damus was required "to use reasonable promptness" in informing the appellee. We find no error in holding the appellant to that standard of duty. He was required to exercise reasonable promptness and act with fidelity to the appellee: Kraber et al. v. Union Ins. Co., 129 Pa. 8. The appellant was evidently satisfied with the court's view of the law as no exception was taken to his charge. The appellant, in any aspect, was hardly in a position to complain as to this phase of the case as it is quite obvious from the verdict that the jury disallowed the entire claim of the appellee for the car of beans.

The court submitted to the jury the disputed question of fact as to whether the appellant was entitled to the right of set-off for the freight paid on the car of beans against the three cars that were admittedly not paid for. Mr. Pearman testified on that phase of the case as follows:

"Q. Was not the arrangement that he was to pay for the freight out of what he sold?

A. He was supposed to pay the freight.

Q. Whether he sold any or not?

A. Well, he was supposed to handle them.

By the Court: Q. Do you understand that now? Was Mr. Damus to pay this freight out of his pocket or pay it out of his sales and deduct it, or was he to pay it and deduct it from his sales and charge it to your account?

A. Yes, sir, he was to pay it and deduct it from the gross amount of the beans.

Q. And charge it to your company?

A. Charge it to the beans, the same thing.

Q. How was the freight to be paid?

A. Through freight to be paid at destination, Du-Bois.''

After the beans had arrived and had been examined by Damus he directed the railroad company to charge the freight to the appellant's account.

Under this testimony, and after accepting the shipment and paying the freight, the court would not have been justified in withdrawing from the jury's consideration the disputed question of fact as to the liability of the appellant to pay the freight, and decide as a matter of law that judgment should be entered for the appellant.

We might add that this alleged right to a set-off did not come within the scope of the question involved and if we would have been so inclined, this branch of the case could have been disposed of on that ground: Whalen v. Smith Fireproof Construction Co., 296 Pa. 10.

We find no merit in the assignments of error. The judgment is affirmed.