Commonwealth of Pa. *v.* Allison, Appellant.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Andrew G. Smith,* for appellant.

*David Glick,* and with him *Wm. A. Schnader* and *Russell Adams,* for appellee.

OPINION BY GAWTHROP, J., November 11, 1931:

Appellant is under conviction and sentence on a bill of indictment charging that he unlawfully did "engage in the practice of medicine and surgery, and hold himself forth as a practitioner in medicine and surgery, and assume the title of doctor of medicine and surgery, and doctor of specific diseases, and to diagnose diseases and to treat diseases by the use of medicine and surgery and to sign death certificates and hold himself forth as able to do so, without first having fulfilled the requirements of the Act" of June 3, 1911, P. L. 639, "and without first having received a certificate of licensure from the Bureau of Medical Education and Licensure of the Commonwealth."

At the trial the Commonwealth proved that the Bureau of Medical Education and Licensure had issued to appellant, and that he held, a license to practice certain minor branches of medicine and surgery, and offered in evidence the license certificate issued to him, in the following form:

"Commonwealth of Pennsylvania,
(SEAL)
Massage and Allied Branches
The Bureau of Medical Education and Licensure of

the Department of Public Instruction does hereby confer upon Harvey Milton Allison the right to treat the sick by herbs and massage.

The license issued to those practicing massage and allied branches will not confer the right to apply any of these treatments except upon request of a person duly authorized to prescribe the same. Nor will it authorize the holder to practice pharmacy, dentistry or osteopathy, or any other drugless method not specifically mentioned on the license, nor to treat persons sick with quarantinable diseases, nor to practice surgery or midwifery, nor to practice medicine by the use of drugs administered internally or applied externally.

In witness whereof, we have hereunto set our hands and caused the seal of said bureau to be affixed at Harrisburg, the 21st day of January, 1915.

. . . . . . . . . . . . . . . . . . . . . . .
President.

. . . . . . . . . . . . . . . . . . . . . . .
Secretary.''

The other evidence adduced by the Commonwealth was sufficient, if believed, to justify the jury in finding that about April 1st Phyllis Jones and her sister, Geneva Foster, called at the office of appellant for the purpose of having him treat Geneva Foster. The sign on his office window was marked "Dr. Allison." He examined Geneva Foster, took her temperature, "put the thing to her heart," and said that she had the grippe and that "he would have her all right within two or three days." He gave her a bottle containing medicine which he directed her to take three times a day. He charged $6 for the examination and medicine. Geneva Foster's mother asked appellant, "what kind of a doctor are you?" He said, "I am a medical doctor like all other doctors," and that he had been practicing medicine for thirty-five years. Subsequent

to Geneva Foster's visit at appellant's office, he attended her three times at her home, examined her and "put the trumpet all over her and on her back," and rubbed her. She took three bottles of medicine supplied by him, and died April 19th. He furnished the undertaker with a certificate of death in which he inserted as the primary cause of death the words "acute bronchitis," and to which he affixed the signature "Dr. H. M. Allison." The medicine furnished by him to the patient was subjected to a chemical analysis and found to be a combination of drugs commonly known as Brown Mixture. Appellant offered no evidence.

This evidence fully warranted the jury in finding that appellant assumed the title of doctor of medicine and surgery, held himself forth as a practitioner in medicine and surgery and engaged in the practice thereof. Indeed he concedes that he practiced the healing art.

The questions raised by the statement of the questions involved (which limits the scope of an appeal: Phila. Electric Co. v. Phila., 303 Pa. 422; Pearman & Co. v. Damus Bros. Co., 98 Pa. Superior Ct. 234) are (1) whether the evidence was sufficient to establish that he violated the license which he held, and, (2) whether the penalty for practicing medicine without a state license can be imposed on him if, in his practice of medicine, he exceeded the authority granted by the license which he held.

(1) (2) The license which appellant held was one issued by the Bureau of Medical Education and Licensure under the authority conferred on that bureau by Section 6 of the Act of 1911, supra, and its supplements and amendments. It was a license authorized by the act to be issued to persons who have established in the manner prescribed by the act that they have the requisite degree of knowledge of a

minor branch or branches of medicine and surgery. Under such a license the authority of the licensee is limited to the practice of the pursuit which is stated in the certificate of license. The act makes a clear distinction between a license entitling one to practice medicine and surgery, and a license entitling one to practice only special branches of medicine and surgery. The certificate of license which appellant held authorized him "to treat the sick by herbs and massage," in a qualified manner to be referred to below. It did not authorize him to engage in the practice of medicine and surgery in its common signification and comprehensive sense, or to hold himself forth as a practitioner of medicine and surgery, or to assume the title of doctor of medicine and surgery, or to diagnose diseases, or to sign a death certificate. It expressly provided that it did not authorize him to practice medicine by the use of drugs administered internally or applied externally and that it did not confer the right to apply any of the treatments authorized to be applied except upon the request of a person duly authorized to prescribe the same. It cannot avail him as a defense to the commission of the prohibited act of engaging in the practice of medicine and surgery without having obtained the necessary license. The burden was on appellant to produce a duly issued license authorizing him to practice medicine and surgery: Com. v. Jobe, 91 Pa. Superior Ct. 110, and cases there cited. He did not produce such a license. This is but another case of a specialist in a minor branch of medicine and surgery attempting to gain the benefits of a license to practice the profession of medicine and surgery without possessing the qualifications fixed by the law. Such an effort is made at one's peril. See Com. v. Jobe, supra; Long v. Metzger et al., 301 Pa. 449; Com. v. Martindell, 82 Pa. Superior

Ct. 417; Com. v. Seibert, 69 Pa. Superior Ct. 271; 262 Pa. 345; Com. v. Byrd, 64 Pa. Superior Ct. 108.

The judgment is affirmed, and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.