## Commonwealth v. Allison, Appellant.

Argued September 26, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER and RHODES, JJ.

*John S. Pyle,* for appellant.

*John F. Haggerty,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

PER CURIAM, October 28, 1938:

Defendant was tried and convicted on an indictment charging that he did unlawfully engage in the practice of medicine and surgery, hold himself forth as a practitioner of medicine and surgery and diagnose diseases and treat diseases by the use of medicine and surgery, etc., without first having fulfilled the requirements of the Act of June 3, 1911, P. L. 639, entitled, An Act relating to the right to practice medicine and surgery, etc., and without having received a certificate of licensure from the Bureau of Medical Education and Licensure of the Commonwealth.

His defense was that he had confined himself to the practice of the minor branches of medicine permitted him by a license issued to him by the Bureau of Medical Education and Licensure on January 21, 1915, which gave him the right to treat the sick by herbs and massage, subject to certain definite restrictions set forth therein. The form of this license is given in *Com. v. Allison,* 103 Pa. Superior Ct. 140, 141, 142, 156 A. 812, (appeal refused by the Supreme Court, Ibid. p. xxv),

where we upheld a conviction of this same defendant on the same charge. The language used by Judge GAWTHROP in the opinion in that case is applicable here and his analysis of the defendant's rights and limitations under his qualified license—see page 144—correctly states the law.

The evidence of the Commonwealth warranted a finding by the jury that the defendant had assumed to diagnose diseases and to prescribe the use of drugs to be taken internally and had applied treatments without the request of a person duly authorized to prescribe the same, all of which were specifically excepted from the limited license which he held. Under the charge of the court, the jury could not have found him guilty unless they believed this evidence on behalf of the Commonwealth.

The court below was of opinion that the evidence fully justified the verdict. We agree with the court.

We find no reversible error in the action of the court below in refusing to (1) order a bill of particulars or (2) quash the indictment for want of it. The grant or refusal of the motion was in the sound discretion of the court: *Com. v. Sabo,* 83 Pa. Superior Ct. 166, 168, 169. The refusal to order a bill of particulars affords no ground for quashing the indictment: *Com. v. O'Malley,* 81 Pa. Superior Ct. 100. Certainly no harm was done the defendant by charging him with only one offense, supported by evidence of several instances of unlawful practice of medicine, instead of by three separate bills, as appellant's counsel suggests was the proper form.

The judgment is affirmed and it is ordered that the defendant appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.