## Commitments by Osteopaths

RUTTER, Deputy Attorney General, August 28, 1945.
—You have requested us to advise you concerning certain aspects of section 302 of The Mental Health Act of July 11, 1923, P. L. 998, as last amended October 11, 1938 (Sp. Sess.), P. L. 63, 50 PS §42, particularly in view of Formal Opinion no. 456, dated May 17, 1943, and addressed to the Secretary of Health: Osteopaths as School Physicians, 47 D. & C. 500.

In Formal Opinion no. 456, supra, we held that an osteopathic physician that is licensed as such by the Commonwealth is "a physician qualified to practice medicine" within the meaning of section 1501 of the School Code of May 18, 1911, P. L. 309, as amended, 24 PS §1501, and section 1503 of said code, as amended, 24 PS §1503. These two sections of the School Code relate to school medical inspectors, and in referring to the qualifications of such inspectors recite, respectively, that: "All such medical inspectors shall be physicians

legally qualified to practice medicine in this Commonwealth"; and "All such medical inspectors. shall be legally qualified physicians."

Section 302 of The Mental Health Act, supra, relates to the commitment of persons who are mentally ill to hospitals for mental diseases. Amongst other things, this section provides that such persons may be committed to such hospitals on the "certificate of two qualified physicians".

The question you desire us to decide for you is whether an osteopathic physician is a qualified physician within the meaning of said section 302 of The Mental Health Act.

It is not our task to examine the relative qualifications of doctors of medicine and doctors of osteopathy; the conflict, if any, between these two schools of medicine; or to express our opinion as to whether we deem practitioners of either or both of these schools, or of one only, professionally equipped to perform the duties with relation to the certification required by the section of The Mental Health Act under discussion. All that we are required to do, and all that we shall do, is to interpret the meaning of the language of the statute, with due respect to the ordinary rules of statutory construction and the decisions of the courts relating thereto.

Section 101 of the Statutory Construction Act of May 28, 1937, P. L. 1019, as last amended May 21, 1943, P. L. 301, 46 PS §601, in paragraph 87, defines the word "physician" as:

". . . an individual licensed under the laws of this Commonwealth to engage in the practice of medicine and surgery in any or in all of its branches."

The same section of the same act, in paragraph 80, defines the word "osteopath" as:

". . . an individual licensed under the laws of this Commonwealth to practice osteopathy."

And the same section of the same act, in paragraph 81, defines the words "osteopathic surgeon" as:

". . . an individual licensed under the laws of this Commonwealth to practice osteopathy and osteopathic surgery."

The word "physician" is defined in Webster's New International Dictionary (2nd ed., 1944), at page 1852, as "1. A person skilled in physic or the art of healing." The same authority, at page 1527, defines the word "medicine" as "2. a. The science and art dealing with the prevention, cure, or alleviation of disease." The word "osteopathy" is defined by the same authority, at page 1728, as "b. A system of therapeutics." Webster, at page 2621, defines "therapeutics" as "that part of medical science which treats of the application of remedies for diseases".

Section 1 of the Medical Practice Act of June 3, 1911, P. L. 639, as amended August 6, 1941, P. L. 903, 63 PS §401, contains the following definition of "medicine and surgery" and "healing art":

"(c) The term 'medicine and surgery' as used in this act shall mean the art and science having for their object the cure of diseases of, and the preservation of the health of, man, including all practice of the healing art with or without drugs, except healing by spiritual means or prayer.

"(d) The term 'healing art' as used in this act shall mean the science of diagnosis and treatment in any manner whatsoever of disease or any ailment of the human body."

We have it, therefore, from Webster and from various statutory declarations of the General Assembly, that medicine is the science and art dealing with the prevention, cure or alleviation of disease; that therapeutics is that part of medical science which treats of the application of remedies for diseases; that medicine and surgery are the art and science having for their object the cure of diseases, including all practice of the

healing art with or without drugs; that the healing art is the diagnosis and treatment in any manner whatsoever of disease of any ailment of the human body; and that osteopathy is a system of therapeutics. It would seem that we have gone far enough to answer your question; but we shall go further.

In Commonwealth v. Seibert, 262 Pa. 345 (1918), it was held that the practice of neuropathy constituted the practice of medicine under the Medical Practice Act. In Commonwealth v. Mollier, 122 Pa. Superior Ct. 373 (1936), it was held that the practice of chiropractic constitutes the practice of medicine within the meaning of The Mental Health Act. In Commonwealth v. Mollier, 122 Pa. Superior Ct. 375, it was said (p. 375), quoting from Commonwealth v. Seibert, 262 Pa. 345:

" 'The expression "practice of medicine" covers and embraces everything that by common understanding is included in the term healing art.' "

Again, in Long et al. v. Metzger et al., 301 Pa. 449 (1930), the Superior Court held that the practice of chiropraxis is the practice of medicine within The Mental Health Act.

The Superior Court has said:

"The law is settled in Pennsylvania that the term 'medicine' as used in . . . [the Medical Practice Act] . . . refers to its broad and comprehensive meaning as the art or science having for its object the cure of diseases and the preservation of health, and the 'practice of medicine' includes all practice of the healing art with or without drugs . . .": Commonwealth v. Long, 100 Pa. Superior Ct. 150, 152 (1930).

The Superior Court has also decided that osteopaths are comprehended within the term "licensed physicians", as used in section 4 of the Anti-Narcotic Act of July 11, 1917, P. L. 758, 35 PS §854: Commonwealth v. Cohen, 142 Pa. Superior Ct. 199 (1940).

We hold that an osteopath is a qualified physician within the meaning of section 302 of The Mental Health Act of 1923.

It is our opinion, therefore, and you are accordingly advised that a duly licensed osteopathic physician of the Commonwealth of Pennsylvania is qualified to certify to the commitment papers required by section 302 of The Mental Health Act of 1923, as amended.