## Micciche v. Forest Hill Cemetery Assn. et al.

*Milton Kolansky*, for claimant.

*Joseph Marzzacco, S. H. Torchia*, and *Ralph H. Behney*, for defendants.

HOBAN, J., October 31, 1945.—This is an appeal from the decision of the Workmen's Compensation Board disallowing a claim. The claimant suffered an accident in the course of his employment and subsequently had a degree of disability, but the only question in dispute in these proceedings is whether or not there was a causal connection between the accident and the disability.

To support his claim in this respect claimant offered the factual and opinion testimony of Dr. M. J. Shea, a chiropractor, who treated the claimant sometime after the accident. This witness testified as to the result of his examination, his diagnosis and treatment and gave it as his professional opinion that the accident was the cause of the claimant's disability. There was no other professional evidence, opinion or otherwise introduced on behalf of the claimant except that of Dr. Shea. However, the referee, on the motion of the counsel for defendant, excluded from the testimony all answers of the witness in which the witness expressed a "professional opinion". The grounds upon which the referee made this ruling were expressed by the referee in his rulings on objections as follows:

"Since the witness has no license and is not licensed under the Medical Board of the State of Pennsylvania,

he is not qualified to express a professional opinion on a medical question."

Counsel for the claimant in attempting to qualify the witness as an expert developed that the witness was a graduate of the Palmer School of Chiropractic and had practiced 21 years in the Borough of Olyphant and City of Scranton, both in this county. He also stated that he had submitted bills for services rendered to injured persons in workmen's compensation matters and had his bills authorized for payment by the compensation authorities of Pennsylvania. The witness admitted that he was not licensed to practice chiropractic or any of the healing arts and stated that in the State of Pennsylvania chiropractors are not licensed and cannot be licensed.[1]

The practical effect of the ruling of the referee, later sustained by the compensation board on appeal, was to leave the claimant's case without the opinion-evidence of any expert as to the relationship between the accident and the subsequent disability of the claimant.

The Workmen's Compensation Board sustained the referee and we quote an excerpt from the opinion of Knoll, Commissioner, which gives the reason for the action of the board:

"An expert is a person experienced, trained and skilled in some particular business or subject. He is one who, because of the possession of knowledge not within the ordinary reach, is specially qualified to speak upon the subject to which his attention is called. The referee decided that claimant's witness was not quali-

---

[1] Chiropractors can be licensed under the limited licensing provisions of the Medical Practice Act of June 3, 1911, P. L. 639, as amended by the Act of July 25, 1913, P. L. 1220, provided that the chiropractor will comply with the rules and educational requirements prescribed by the State Board of Medical Education and Licensure: Christy et al. v. State Board of Medical Education and Licensure, etc., et al., 47 Dauphin 218, affirmed in 339 Pa. 65.

fied to testify as an expert. It was his province to decide primarily as to the qualifications of the witness. We agree with the referee in his decision.

"In Commonwealth v. Seibert, 69 Pa. Super. Ct. 271, 273, the court said:

" 'The law is not concerned with the question whether chiropractic or neuropathy is as good or better than other systems of treatment, but it is concerned with the grave question, that before anyone shall undertake, no matter by what system, to diagnose, treat, operate upon, to prescribe or administer remedies or treatment for any physical or mental ailment or condition of another, for a fee or other consideration, he shall possess the learning and skill required by the statutes, produce a degree or a diploma from a college meeting the requirements enumerated in the statute, and pass an examination before the State Board of Examiners, showing his competency . . .'

"The witness, a chiropractor, in view of the above case cannot be deemed legally competent to diagnose or administer treatment for a physical ailment. A fortiore, legally, he cannot qualify as an expert witness for the purpose of expressing an opinion as to what constitutes claimant's disability or the cause thereof.

"Claimant's counsel contends that the fact that one is not licensed by the State should not prevent an individual from testifying as an expert. It is true that there are many questions which, though they are not within common knowledge, are still questions on which men of practical experience, who have actually observed the facts in question are qualified to give an opinion. The opinion called for before the referee necessitated a medical expert and the referee properly held that the witness was not qualified as a medical expert . . ."

This court is of the opinion that the action of the referee and the board were in error for excluding the

opinion-evidence of the witness Shea for the reasons stated by the referee and by the board.

With the definition of an expert witness as set forth by the board in the excerpt above quoted, we have no disagreement, nor with the statement that it is the province of the referee to decide primarily as to the qualifications of an expert witness. The rule is more completely stated as follows:

"There is no clearly defined rule as to what constitutes an expert. He is usually one who is experienced, trained or skilled in some particular business or subject, and who, by reason of such knowledge, is better qualified to speak on the subject than witnesses who have made no special study of it. The proper office of the expert is to instruct the court and jury in matters so far removed from the ordinary pursuits of life, that accurate knowledge can be acquired only by special study or experience. . . .

"Whether a particular question is such as calls for expert testimony, and whether the witness shows proper qualifications, are largely within the discretion of the trial court": Henry, Pa. Trial Evidence, 3d Ed., Sec. 332, and cases cited therein.

By the test above stated, an expert is one who qualifies as such by reason of special knowledge and experience, and it is quite obvious that an individual may possess knowledge and experience of a special or expert nature whether or not he is authorized to practice in his special field by virtue of any restriction or licensing requirement imposed by law. The inquiry by the trial judge, or in this case by the referee, as to qualifications, therefore, should be whether or not the witness possesses the special knowledge and experience. As a result of this inquiry, usually conducted as examination and cross-examination by the respective counsel, the referee or the trial judge may reach the conclusion that the witness does not possess the requisite qualifica-

tions entitling him to be classed as an expert, but the test must be as to the alleged expert's possession of knowledge and experience and not of a piece of paper which authorizes him to practice a profession.

In this case, the witness Shea may very well be practicing a branch of the healing art in violation of law and thus become subject to the attentions of the proper law enforcement agency.

See Long et al. v. Metzger et al., 301 Pa. 449; Commonwealth v. Long, 100 Pa. Superior Ct. 150; Commonwealth v. Byrd, 64 Pa. Superior Ct. 108.

The Workmen's Compensation Board concluded that since the witness was not legally competent to diagnose or administer treatments he was therefore incompetent as an expert witness. But we think that the board has probably confused the meaning of the word "competent", which in this sense expresses the idea that the individual is prevented from performing certain acts because of a legal prohibition, with the ordinary meaning of the word which conveys the idea that a competent person is one who has requisite knowledge and skill, however acquired, to perform these same acts. The possession of a license issued by legal authority, particularly in the medical profession, would be prima facie evidence that the licensee possessed at least minimum knowledge and skill considered essential by the licensing authority, but does it follow as a matter of sound reasoning that only a licensed person can possess such knowledge and skill? We think that is not a valid conclusion and that the determination of the qualifications of one proposed as an expert witness must be determined by inquiry into these qualifications as a matter of fact. It may be that after such inquiry the judge or referee might conclude that the qualifications were unsatisfactory, and such ruling would be accepted unless the trial judge or referee

abused his discretion in arriving at his decision. See Cooper v. Metropolitan Life Ins. Co., 323 Pa. 295.

We are mindful that in this case there is strong medical testimony on behalf of defendant to the effect that claimant's disability was not the result of the accident, and that even if the opinion-evidence of Dr. Shea is admitted to the record and receives full consideration by the fact-finding bodies, the conclusion of the referee and the board might be no different. Since this court does not weigh the evidence, such a conclusion could not be disturbed by this court on appeal if it depended merely on which evidence the referee and the board decided to accept as representing the correct state of facts. But we think that the claimant has been seriously harmed when he was refused the opportunity to qualify his expert by the only proper test, whether the witness had in fact the adequate special knowledge required to qualify him as an expert, thus perhaps depriving him of the only source of opinion-evidence open to him. One can visualize many situations where, for reasons of policy or otherwise, individuals holding public licenses in some profession or occupation might be disinclined to provide professional evidence. But if other sources of actual special knowledge are available, are litigants to be denied the benefit of such knowledge because the possessor thereof does not have the stamp of governmental approval?

As was stated before, as to the worth of the witness Shea's opinion-evidence we are not concerned, but as to the claimant's right to have it introduced and tested by the ordinary methods of testing other proposed expert opinion we are convinced.

Now, October 31, 1945, the record in the above-entitled case is directed to be returned to the Workmen's Compensation Board for a rehearing, in conformity with the principles expressed herein.