## Osteopath as Medical Examiner

RUTTER, Deputy Attorney General, January 3, 1946. —You have requested us to advise you whether in the School Health Act of June 1, 1945, P. L. 1222, the definition of "medical examiner" in section 2 thereof includes an osteopathic physician or surgeon.

The aforesaid act provides for the complete medical and dental examination of all children of school age,

and of teachers and other school employes in public and private elementary and secondary schools of the Commonwealth. The statute places the general administration of its provisions in the hands of the Department of Health and the Superintendent of Public Instruction.

The definition referred to, which occurs in section 2 of the act, is as follows:

" 'Medical Examiner' means a physician legally qualified to practice medicine in the Commonwealth who has been appointed or approved by the Secretary of Health."

As was said by Judge Elliott in Humphries v. Davis, 100 Ind. 274, 284 (1884) :

"A statute is not to be construed as if it stood solitary and alone, complete and perfect in itself, and isolated from all other laws. It is not to be expected that a statute which takes its place in a general system of jurisprudence shall be so perfect as to require no support from the rules and statutes of the system of which it becomes a part, or so clear in all its terms as to furnish in itself all the light needed for its construction. It is proper to look to other statutes, to the rules of the common law, to the sources from which the statute was derived, to the general principles of equity, to the object of the statute, and to the condition of affairs existing when the statute was adopted. . . . 'Construction has ever been a potent agency in harmonizing the operation of statutes, with equity and justice.' Statutes are to be so construed as to make the law one uniform system, not a collection of diverse and disjointed fragments."

This department and our courts have construed several different statutes which are germane to our present problem. To these sources we will look, therefore, in accordance with the principles enunciated by Judge Elliott, hereinbefore quoted, for guidance in coming to a conclusion in our present inquiry.

In Osteopaths as School Physicians, 47 D. & C. 500, we held that osteopathic physicians were eligible to serve as school medical inspectors under the provisions of sections 1501 and 1503 of the Act of May 18, 1911, P. L. 309, as amended, 24 PS §§1501 and 1503. The first of these sections provided that:

"All such medical inspectors shall be physicians legally qualified to practice medicine in this Commonwealth . . ."

The second section provided that:

"All such medical inspectors shall be legally qualified physicians, who have had not less than two years' experience in the practice of their profession."

In Commitments by Osteopaths, 53 D. & C. 628, we held that osteopathic physicians are qualified to certify to the commitment papers required by section 302 of The Mental Health Act of July 11, 1923, P.L. 998, as amended October 11, 1938 (Sp. Sess.), P. L. 63, 50 PS §42. The cited section of that act provided that persons who are mentally ill may be committed to hospitals for mental diseases on the "certificate of two qualified physicians".

Amongst supporting authorities cited in the foregoing opinions were Commonwealth v. Long, 100 Pa. Superior Ct. 150 (1930); Commonwealth v. Seibert, 262 Pa. 345 (1918); Commonwealth v. Mollier, 122 Pa. Superior Ct. 373 (1936); and Long et al. v. Metzger et al., 301 Pa. 449 (1930). See also, Commonwealth v. Cohen, 142 Pa. Superior Ct. 199 (1940). In our two former opinions which we have cited we discussed all of the foregoing authorities fully, and we see no reason why it is necessary to repeat that discussion and review here.

While not controlling it is interesting to note the legislative history of the Act of 1945. The Legislative Journal, Session of 1945, volume 29, No. 22, beginning

at page 796, reveals the following which took place in the House of Representatives February 27, 1945, when section 2 of Act No. 425 was adopted in its present and aforesaid form.

". . . The second section was read.

"On the question,

"Will the House agree to the section?

"Mr. Modell offered the following amendment:

"Amend section 2, page 2, line 1, by striking out the following '[doctor of medicine]' and insert in lieu thereof the following 'physician'.

"On the question,

"Will the House agree to the amendment? . . .

"On the question recurring,

"Will the House agree to the amendment to section 2?

"Mr. Lichtenwalter: Mr. Speaker, I object to the amendments offered by the gentleman from Philadelphia, Mr. Modell, and ask the House to vote 'no'.

"Mr. Modell: Mr. Speaker, I introduced the amendment to section 2 of this act for the purpose of eliminating a discrimination against osteopathic physicians and surgeons, who would by this bill be prevented from appointment as examiners of school children and teachers.

"In reading this particular act we find the language different from other laws that have been enacted in this assembly. Other acts have stated that physicians duly qualified and licensed to practice medicine shall have certain rights. This particular bill speaks only of doctors of medicine.

"I desire to point out to the membership of the House that under the Act of 1909, as amended in 1937, P. L. 1649, osteopathic physicians and osteopathic surgeons shall observe and be subject to all State and municipal regulations relating to the control of contagious diseases, the reporting and certifying of births

and deaths and all matters pertaining to public health the same as physicians of other schools. In 1937 the words were added 'with the same force and effect as the certificates issued by physicians of other schools'.

"If we look into the Act of May 18, 1911, P. L. 309, we find the words:

" 'Every school district of the first and second and third class in this Commonwealth shall annually pro vide medical inspection of all pupils in the public schools by proper medical inspectors to be appointed by the school directors in the district in sufficient number to conduct the required inspection in conformity with the standards of requirements prescribed by the commissioners of health for the medical inspection of schools in such districts. Such medical inspection shall be made in the presence of the parents or guardian of the pupils when so requested by the parent or guardian.'

"The following words were added:

" 'all such medical inspectors shall be physicians legally qualified to practice medicine in this Commonwealth.'

"Now, Mr. Speaker, I see no reason why they should not be included in this particular bill since they have every right to practice medicine in this Commonwealth, and certainly they should not be made an exception in this bill; for that reason they should not be excluded in this particular bill, and accordingly I have introduced these amendments.

"On the question recurring,

"Will the House agree to the amendment?

"The Speaker declares the 'noes' appeared to have it,

"Whereupon, a division was called for, eighty-six members having voted in the affirmative and fifty-nine in the negative, the question was determined in the affirmative and the amendment was agreed to.

"The section, as amended, was agreed to. . . ."

From the foregoing it is clear beyond any doubt that when the words "doctor of medicine" were stricken out of section 2 and the word "physician" inserted in lieu thereof the House of Representatives knew exactly what it was doing, and intended by so doing to include osteopathic physicians within the definition of medical examiners. This fortifies the conclusion we have already reached.

It is our opinion, therefore, and you are accordingly advised, that the definition of "medical examiner" in section 2 of the Act of June 1, 1945, P. L. 1222, includes osteopathic physicians and surgeons.