MILTON C. WOLF v. STATE BOARD OF MEDICAL EXAMINERS and Another.[1]

December 31, 1909.

Nos. 16,324—(113).

**License of Physician — Power of Medical Examiners.**

Section 2296, R. L. 1905, concerning the power of the board of medical examiners to grant or revoke a license of a physician and surgeon to practice medicine, must be construed in connection with other sections of the Revised Laws which are by their terms applicable. It does not fail of legal effect because it does not contain the legal requirements thereby supplied.

**Notice of Hearing of Charges.**

Defects are held not to have invalidated a notice of hearing served on defendant which contained enough to give defendant notice of the charges against him, and to require him to answer in accordance with law.

**Removal of Physician — Statute Constitutional.**

Chapter 474, Laws 1909, giving to a physician removed by the board of medical examiners the right to appeal to the district court, governs further proceedings for the removal of plaintiff, and is not unconstitutional, as depriving him of property without due process of law.

Action in the district court for Ramsey county to restrain defendant board and its secretary from proceeding in the matter of the revocation of plaintiff's license as a medical practitioner. Defendant W. S. Fullerton, as secretary of defendant board, answered. The case was tried before Kelly, J., who found in favor of defendants and dissolved the restraining order pendente lite. From the judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*W. R. Duxbury,* for respondent.

JAGGARD, J.

The complaint of plaintiff and appellant, a duly licensed physician, set forth: The defendant and respondent, the state board of medical

[1]Reported in 123 N. W. 1074.

examiners of the state, as provided by the statute, caused a notice to be served on plaintiff to appear before said board at a time and place stated and show cause why the defendant should not revoke his license to practice medicine. The ground stated in said notice was that, plaintiff had been guilty of unprofessional conduct, in that at divers times he had entered into business relations with the Heidelberg Medical Institute, and had aided and abetted it in carrying on a questionable medical practice. The defendant, it was alleged, had not the capacity, qualification, or power to properly examine, pass on, or ascertain the facts as to whether this plaintiff had been guilty of immoral, dishonorable, or unprofessional conduct, or to summon, administer oaths, or compel the production of documentary evidence; "the ethics of the medical profession are vague and shadowy; that there are a variety of medical schools represented on said board, all differing in their theory of ethics as well as upon their medical theories;  *  *  * that they do not act under oath, and that their action is wholly unrestrained, either by judgment, law, or conscience." The board had fully determined in advance to revoke the license of this plaintiff without regard to the facts. Irreparable injury would be done to plaintiff by the revoking of his license; wherefore the complaint prayed an injunction enjoining the board from proceeding further in the matter and for a preliminary injunction to the same effect. The answer admitted the formal parts of the complaint and denied its substance. The court denied the injunction and dissolved the restraining order pendente lite. From judgment entered accordingly this appeal was taken.

1. The first question presented by the record concerns the interpretation to be placed upon section 2296, R. L. 1905. That section provides in part that "the board may refuse to grant a license to, or may revoke the license of, any person guilty of immoral, dishonorable, and unprofessional conduct, but subject to the right of the applicant to appeal to the Governor." It is obvious that this section is incomplete in itself. It is equally certain that the section must be construed together with other sections of the Revised Laws and general principles of law which are applicable.

It is not true, as the complainant sets forth, that the board is not

required to take an oath. The subscription of an oath is expressly required by section 2677, R. L. 1905. It is true, as the complainant sets forth, that no notice nor form of notice is prescribed by section 2296. The gist of the power to revoke necessarily implies, however, the ability on the part of the board to prescribe legal forms. This section does not expressly confer upon the board power of administering an oath. The deficiency, however, is fully supplied by section 2682, R. L. 1905. The nature and necessary construction of that statute confers that power. It is immaterial that its exercise is limited to questions of fact. No witness could properly swear to matters of law. While it is true that this section provides that such a board "shall have the power to administer such oaths as they may deem necessary to the proper discharge of their respective duties," it does not provide that they must. The defendant objects that the administration of an oath is therefore discretionary. If an instance were presented in which, as a matter of fact, the conclusion of the board rested upon unsworn testimony, the question involved in defendant's argument would be presented. No such state of facts is before us in this case. The defendant's objection that the board has not the power to "compel the production of documentary evidence" is equally untenable. Section 4655, R. L. 1905, expressly confers the authority; and see City of Minneapolis v. Wilkins, 30 Minn. 140, 14 N. W. 581; State v. Peterson, 50 Minn. 239, 52 N. W. 655.

2. Objection is made to the form of the notice served on the plaintiff by defendant. That notice recites that it has been made to appear to said board that defendant had been guilty of unprofessional conduct. This, plaintiff says, demonstrates the prejudgment by the board of the merits of the case. "Here is a judgment and determination formed and announced. The accused has been found guilty of unprofessional conduct. * * * All things are here determined, and nothing is left but the appearance of plaintiff before the board, and the resolution by the board revoking his license, according to their previous solemn determination." Of this notice the trial court said: "From a lawyer's standpoint the language employed therein might be improved, but it is simply a citation to answer before the board certain charges touching the professional and possibly the moral conduct of

the plaintiff." This we think is the logical and proper construction. The notice was infelicitous, but not legally ineffective.

The third question presented by the record concerns the constitutionality of the act in question. The accused physician has argued with great earnestness that the right to practice medicine is a property right; that the statute is unconstitutional because it sought to deprive him of rights and privileges secured to him otherwise than by the law of the land, and deprive him of property without due process of law, in contravention of sections 2, 7, art. 1, Const. (Minn.) We find it unnecessary to determine here this question. This proceeding was commenced under the statute as it existed prior to the amendment thereof by chapter 474, p. 590, Laws 1909; but it is clear that subsequent proceedings must conform to the statute as thus amended. The principal objection to the old statute was that it failed to provide a physician proceeded against for removal with an opportunity to review a possible removal before some tribunal authorized to hear and protect his rights, and hence deprived him of his liberty and property without due process of law.

The new statute expressly provides for an appeal to the district court of the proper county on questions of law and fact, and thus answers every requirement of due process of law. It was intended to obviate the constitutional objection to the old statute. As it will govern further proceedings herein, it is unnecessary to determine the validity of the old statute. It is to be noted that the definition of the offense against professional propriety is in no wise altered. The change is one of procedure alone, and secures to the person proceeded against all his constitutional rights. The ability of the legislature to effect such change is beyond question. If defendant should be removed, he would then have the right to review all proper questions on appeal. No adequate reason for granting an injunction appears.

Affirmed.

O'BRIEN, J., took no part.