## HERBERT MATTHEW FISCH AND ANOTHER v. IVAR SIVERTSEN AND OTHERS (STATE BOARD OF MEDICAL EXAMINERS).[1]

June 21, 1940.

No. 32,456.

*Clifford E. Enger* and *Nordlin, Oliver & Pleva,* for appellants.
*J. A. A. Burnquist,* Attorney General, *John A. Weeks,* Assistant Attorney General, and *F. Manley Brist,* for respondents.

JULIUS J. OLSON, JUSTICE.
Plaintiff Fisch is and over a period of many years has been a duly licensed physician engaged in the practice of his profession

[1]Reported in 292 N. W. 758.

at Austin. The corporate plaintiff is a social and fraternal organization organized and existing pursuant to 2 Mason Minn. St. 1927, §§ 7951 to 7956, inclusive. During a period of many years it has been the practice of the corporate plaintiff to enter into contractual arrangements with a physician of its own choice to render medical service to and for its members and their families, receiving as compensation therefor a stipulated sum from that plaintiff.

The present defendants are limited to those who compose the state board of medical examiners. As the action was originally brought, the members of the medical association of Mower county were also included but were dismissed on plaintiffs' motion.

Plaintiffs seek to enjoin the board from "interfering" with the contract relationship existing between them. The basis therefor is that the board has threatened to bring disciplinary proceedings against Fisch because under his contract with the corporate plaintiff he is guilty of unprofessional conduct in that he is rendering service for a corporation.

Defendants answered and there was a reply. We need not further relate what other issues there are, if any, as the case hinges upon the propriety of the court's dismissal of the case on the ground that plaintiffs are not entitled to injunctive relief because they have an adequate remedy at law. Their motion for new trial was denied and they have appealed.

The only relief sought is an injunction against the board from ordering or holding a hearing that may lead to the suspension or revocation of Dr. Fisch's license to practice medicine and thereby interfere with the contract relationship between plaintiffs in the manner and form stated. So it is apparent that what plaintiffs really want now is a judicial determination that the contract between plaintiffs is a valid one; in other words, what they really seek is the equivalent of a declaratory judgment. Inasmuch as the suit is not founded upon any such basis, we are necessarily limited to the pleadings as made since the result below is founded thereon and nothing else.

As the board of medical examiners is a body organized and existing by virtue of legislative enactment, it is important to bear in mind that courts should exercise extreme caution in passing upon its actions, and this is especially so if what is threatened lies within its jurisdictional authority. The board's power in respect to granting, suspending, or revoking licenses is found in 3 Mason Minn. St. 1940 Supp. § 5707. Under its provisions:

"The board may refuse to grant a license to, or may suspend or revoke the license of, any person guilty of immoral, dishonorable, or unprofessional conduct, but subject to the right of the applicant or licentiate to appeal to the district court in the proper county on the questions of law and fact."

As to what constitutes "immoral, dishonorable, or unprofessional conduct," the statute affords adequate definitions. So the sole question as to Fisch is whether he has an adequate remedy at law under the quoted section. If he has, then clearly courts under the decisions here and elsewhere have no business to interfere except as provided by the law, *i.e.*, to review on appeal "the questions of law and fact" presented. Jurisdiction to proceed against any member of the medical profession obviously lies with the state board. Adequate means are afforded upon hearings ordered by the board for the plaintiff doctor to make any showing material to the issues made upon any charge so brought. Review is provided, as we have seen; hence the legal remedy is there and obviously is ample. As to Fisch, therefore, the court clearly was right in dismissing the suit. That question was put at rest in Wolf v. State Board of Medical Examiners, 109 Minn. 360, 363, 123 N. W. 1074. Analogous cases from other jurisdictions have reached the same result: Rust v. State Board of Dental Examiners, 216 Wis. 127, 256 N. W. 919, where numerous cases are cited; Dawson County Irrigation Co. v. McMullen, 120 Neb. 245, 231 N. W. 840; 14 R. C. L. pp. 355, 356, § 58. *Cf.* Granger v. Adson, 190 Minn. 23, 250 N. W. 722; Long v. Metzger, 301 Pa. 449, 152 A. 572.

And as to the corporate plaintiff, it is just as apparent that what that plaintiff really wants, and the only thing it wants, is to enjoin the medical board from proceeding against its retained physician. It has no license or right of its own of or concerning which the defendant board has any jurisdiction. It cannot "interfere" with any proceedings that may be brought by the board against Dr. Fisch. Plaintiffs by joining their forces cannot add one whit to their alleged cause. If that could be done the board in practically every case would be handicapped and perhaps prevented from proceeding against any practitioner since even a quack would be likely to get someone to join him in an injunction suit.

We conclude that as to both plaintiffs the trial court's order was right, and its order is affirmed.

Affirmed.

MR. JUSTICE PETERSON took no part in the consideration or decision of this case.