158 So.2d 574 (1963)
FLORIDA STATE BOARD OF MEDICAL EXAMINERS, Appellant,
v.
Charles Clarence JAMES, Jr., M.D., Appellee.
No. 63-464.
District Court of Appeal of Florida. Third District.
December 13, 1963.
Rehearing Denied January 7, 1964.
Joseph Nesbitt, Tallahassee, for appellant.
Achor & Achor, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
HENDRY, Judge.
The plaintiff, appellee, a licensed doctor, was ordered to appear befor the appellant, Board of Medical Examiners, to show cause why his medical license should not be suspended or revoked under § 458.12 Fla. Stat., F.S.A. for procuring a criminal abortion and for immoral or unprofessional conduct.
The hearing on the disciplinary proceeding was scheduled for June 29, 1963. The afternoon before the scheduled hearing, the plaintiff filed a "complaint for injunction *575 and declaratory decree" seeking, in part, to temporarily enjoin the defendant, appellant, from proceeding with the disciplinary proceeding. The application for temporary injunction was heard by the chancellor on an emergency basis and a temporary injunction was issued as requested. The complaint was not sworn to, no bond was posted and no affidavit was filed stating that plaintiff was financially unable to give bond. The defendant, appellant, takes this interlocutory appeal from the temporary injunction order, challenging the jurisdiction of the chancellor to enter such order.
The principal relief sought by plaintiff's complaint was that the appellee be enjoined from holding the disciplinary proceeding until a pending criminal charge for the same offense (criminal abortion) was disposed of. The plaintiff contends that he may be forced to give testimony at the disciplinary proceeding which would incriminate him in the criminal proceeding, thereby depriving him of rights guaranteed under § 12 of the Declaration of Rights of the Constitution of Florida, F.S.A. The plaintiff also contends that the appellee is without jurisdiction to determine what is a "criminal abortion" and that he was not afforded an opportunity to properly prepare a defense to the appellee's charges because of insufficient notice of the hearing scheduled for June 29, 1963.
The case of Florida Hotel and Restaurant Commission v. Marseilles Hotel Co., Fla. 1956, 84 So.2d 567 involved a suit by the Marseilles Hotel to enjoin the Commission from holding a hearing on its rule to show cause why the hotel's license should not be revoked for knowingly giving space in the hotel to an employee for gambling purposes. The complaint was for injunctive and declaratory relief and the hotel based its right to such relief on the fact that the employee, who was allegedly permitted to take bets on the hotel's premises, had advised the hotel's counsel that he would refuse to testify at the hearing as to the hotel's knowledge of his gambling activity, under a plea of self-incrimination. The hotel contended that to hold said hearing without the benefit of the employee's testimony would deny it due process of law. Our Supreme Court held that no cause of action for injunctive or declaratory relief was stated. The relevant portion of that decision is as follows:
"No cases have been cited by counsel for the respondent Hotel in support of his contention that the injunctive processes of the lower court may properly be set in motion in the circumstances here present; and, indeed, we think that none could be found. The provisions for judicial review of an order of revocation of a hotel license provided by the statute, Section 511.05, Fla. Stat. 1953, F.S.A., are adequate to protect the Hotel against a denial of due process of law even if it be assumed, arguendo, that the Hotel would be denied this constitutional guaranty if compelled to defend the Rule to Show Cause without the testimony of Berr.
"Nor can the Hotel gain admittance into our equity court via the `declaratory relief' route. To be entitled to such relief, the moving party must show a doubt as to the existence or nonexistence of some right, status, immunity, power or privilege. Bryant v. Gray, Fla., 1954, 70 So.2d 581. No such doubt is alleged, and it is clear that the real and only purpose of the suit was to enjoin the hearing on the Rule to Show Cause. This court, `cannot permit an unauthorized extension of the Declaratory Decree Statute to a point where it might be substituted for another normally appropriate action in the absence of a bona fide foundation for a declaratory decree as contemplated by Sec. 87, Florida Statutes, 1941, F.S.A.' Bowden v. Seaboard Air Line R. Co., Fla. 1950, 47 So.2d 786, 787."
The decision was cited with approval in the case of Odham v. Foremost Dairies, *576 Inc., Fla. 1961, 128 So.2d 586, wherein the Supreme Court reversed a decree enjoining the milk commission from conducting a hearing on an order to show cause why Foremost's distributor's license to sell milk should not be revoked or suspended. The complaint was for declaratory decree and injunction. The Supreme Court held that the pleadings did not authorize the trial court to interfere with the action of the commission, stating as follows:
"On the other hand, these agencies have been vested with powers and responsibilities in their field of operation by the legislative branch of the government. The courts have been extremely reluctant to interfere with the actions of such bodies in the proper performance of their duties and responsibilities in the absence of a clear and unmistakably flagrant violation of a constitutional or statutory right of the affected party. Promiscuous intervention by the courts in the affairs of these administrative agencies except for most urgent reasons would inevitably result in the dethronement of the commissions and the substitution of the courts in their place and stead. The subject case is aptly illustrative of this point. The taking of testimony on the many issues presented by the complaint would merely be plowing in advance the ground that, under the law, should first be plowed by the Milk Commission. We must assume that these agencies will follow the mandates of the Constitution and the laws in the discharge of their duties. If they fail to do so, those aggrieved may resort to the courts for a review of such actions.
"This Court has consistently held that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. The doctrine has been referred to as the exhaustion of administrative remedies. It is related to the doctrine of primary jurisdiction. An examination of the many authorities of texts on this question reveals a consistent attitude of the courts that judicial intervention with administrative action is justified only in those instances where the invalidity of the administrative act is not subject to reasonable differences of opinion."
It is our holding that, in accordance with the previously quoted decisions, the instant cause should have been dismissed. The relief sought by the appellees was improper under the related facts and constituted an unwarranted interference with the jurisdiction properly conferred upon the Florida State Board of Medical Examiners under Chapter 458, Fla. Stat., F.S.A. Adequate legal protection is afforded an accused who is called before the board in a disciplinary proceeding and, if he feels that he has been deprived of or denied due process of law, review may be sought in the method provided for by § 458.123 Fla. Stat., F.S.A.[1]
Further, the appellee is merely speculating that he will be injured.[2] The board could dismiss the proceedings, after hearing, thereby obviating any review.
Since the complaint failed to state a cause of action for injunctive or declaratory relief, the complaint should have been dismissed and the temporary injunction denied. In view of this holding it becomes unnecessary for us to pass upon appellant's other contentions.
For the reasons stated the order appealed is reversed and the cause is remanded with directions to dismiss the complaint.
Reversed with directions.
NOTES
[1] See Fisch v. Sivertsen, 208 Minn. 102, 292 N.W. 758 (1940).
[2] See Hernandez v. Board of Com'rs of Hillsborough County, 114 Fla. 219, 153 So. 790; Whitehouse v. Illinois C.R.R., 349 U.S. 366, 75 S.Ct. 845, 99 L.Ed. 1155 (1955).