PER CURIAM.
This is an appeal from a judgment of the circuit court on petition for certiorari. The judgment vacated an order of the Florida Board of Pharmacy which suspended ap-pellee’s pharmacy license for six months for violating Chapter 404, Fla.Stat, F.S.A., which is entitled the “Florida Barbiturate Law.” The Board of Pharmacy contends on this appeal that the judgment quashing its order should be reversed because the Board proceeded in accordance with the es-tential requirements of law, and that there was substantial competent evidence before the Board upon which the suspension could be based.
The record before the circuit court reveals that the complaint and notice to show cause was as follows:
“That you, Herbert Levin, while licensed as a pharmacist in the State of Florida, did, on April 13, 1964, unlawfully deliver to another, to-wit, V. K. Bell, a central nervous system stimulant, to-wit, one-hundred (100) tablets containing amphetamine salts, without first being furnished with a prescription therefor from a duly licensed practitioner, such act being in violation of Section 404.03(1), Florida Statutes (1963).”
The Florida Statutes do not contain a Section 404.03(1), but Section 404.03 provides :
“404.03 Exemptions, general. — Nothing in this chapter shall apply to any compounds, mixture, or preparation containing, in addition to a barbiturate or a central nervous system stimulant, a sufficient quantity of another potent drug or drugs to prevent its use as a hypnotic, or a somnifacient, or a central nervous system stimulant, as the case may be.”
The order of appellant found the appel-lee guilty “for having violated the provisions of Chapter 404, Florida Statutes, relating to the dispensing of certain drugs containing amphetamine salts without first being furnished a prescription.”
From the foregoing, it is apparent that the appellee was charged with having violated a particular section of the Florida Statutes and was found guilty of having violated the entire Chapter. Hence, it may not be argued that the appellant proceeded in accordance with the essential requirements of the law. Cf., State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147 (1930).
Affirmed.