190 So.2d 768 (1966)
FLORIDA BOARD OF PHARMACY, Petitioner,
v.
Herbert LEVIN, Respondent.
No. 35198.
Supreme Court of Florida.
October 12, 1966.
*769 Earl Faircloth, Atty. Gen., and Frank A. Orlando, Asst. Atty. Gen., for petitioner.
Hoffman & St. Jean, Miami Beach, for respondent.
ERVIN, Justice.
Conflict-certiorari is petitioned for review of the decision of the District Court of Appeal, Third District, in Florida Board of Pharmacy v. Levin (Fla. 1966), 181 So.2d 743.
The Florida Board of Pharmacy, petitioner here, issued complaint and notice to show cause to Herbert Levin, respondent, alleging that Levin, while licensed as a pharmacist, did unlawfully deliver to another a central nervous system stimulant, to-wit, one hundred (100) tablets containing amphetamine salts, without first being furnished with a prescription therefor from a duly licensed physician, such act being in violation of "Section 404.03(1) F.S."
A hearing was held by the Board pursuant to said complaint. The Board entered its order finding Levin guilty of the charge. His pharmacist's license was suspended for six months.
Petition for certiorari review of the Board's order was filed in the Circuit Court pursuant to which said order was vacated. The Board of Pharmacy appealed to the District Court which affirmed the Circuit Court in said decision, reported in 181 So.2d 743.
Reference to said decision and the District Court's opinion discloses that the affirmance was predicated upon (1) the fact that the Florida statutes do not contain a "Section 404.03(1)," which was erroneously referred to in the Board's complaint, and (2) because the Board's order found Levin guilty of "having violated the provisions of Chapter 404, Florida Statutes, relating to the dispensing of certain drugs containing amphetamine salts without first being furnished a prescription." The District Court concludes that since Levin was charged "with having violated a particular section of the Florida Statutes and was found guilty of having violated the entire Chapter * * * it may not be argued that the appellant (the Board of Pharmacy) proceeded in accordance with the essential requirements *770 of the law," citing State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147.
We find the decision of the District Court conflicts in principle with this court's holding in State ex rel. Williams v. Whitman (Fla.), 156 So. 705. There it was stated that: "[C]harges before boards, such as the state board of dental examiners, need not be stated with the technical nicety or formal exactness required of pleadings in the courts, nor are the proceedings before the board required to conform in every respect to that controlling in strictly judicial proceedings." (Text p. 709.) And further: "[I]t is sufficient if the accused is informed with reasonable certainty of the nature and cause of the accusation against him, has reasonable opportunity to defend against attempted proof of such charges, and the proceedings are conducted in a fair and impartial manner * * *" (Text p. 710.)
Even in judicial proceedings mistakes or misreferences of the kind appearing herein have not been held to render pleadings fatally defective. See City of Lakeland v. Select Tenures, Inc., Fla., 176 So. 274, and Dade Co. v. City of Miami, 77 Fla. 786, 82 So. 354.
It is obvious the charge was complete in alleging the pharmacist delivered to another a central nervous stimulant, to-wit, one hundred (100) tablets containing amphetamine salts, without first being furnished with a prescription therefor from a duly licensed practitioner. The added language, "such act being in violation of Section 404.03(1) F.S." was harmless surplusage. Licensed pharmacists undoubtedly are familiar with the laws regulating their profession and must be presumed to have knowledge of F.S. Section 404.02(1), F.S.A., of the Florida Barbiturate Law, which makes it unlawful to deliver to another any barbiturate or central nervous stimulant except upon prescription, with certain exceptions not material to this case. It is quite apparent F.S. Section 404.02(1), F.S.A., was the statute intended to be coupled with the allegations of the complaint, since it logically complements the preceding language of the charge. Technical niceties based upon obvious mistakes and misreferences, which do not mislead or result in manifest unfairness are not grounds under our authorities for overturning administrative determinations. The fact that the Board in its order found Levin guilty of having violated "the provisions of Chapter 404, F.S., relating to the dispensing of certain drugs containing amphetamine salts without first being furnished a prescription," does not nullify the administrative determination since this language sufficiently indicates to all concerned the nature of the violation actually committed even though a nonexistent section of statute was erroneously alluded to in the charge.
Having found conflict exists, we proceed to the merits.
We find the judgment of the Circuit Judge, vacating the Board's order on the merits, to be erroneous. We find from the transcript of the administrative hearing before the Board there was no objection by Levin because "Section 404.03(1)" was contained in the charge, but that he proceeded with the assistance of his attorney to present his defenses to the allegations of the complaint at the hearing. We further find that the testimony and other evidence adduced before the Board supported the charge that Levin delivered to another the one hundred tablets containing amphetamine salts without a prescription. The delivery was to an agent of the Board of Pharmacy, who represented to Levin he was picking up the hundred tablets for his sister, a Mrs. Cline. There was an attempt on Levin's part to excuse his delivery of these particular tablets due to the fact he did have in his file a prescription in favor of a Mrs. Cline for "escatrol" capsules, 30 in number. However, the sale and delivery involved the said 100 tablets, the same being labelled "Obersel", for which Levin had no prescription in behalf of Mrs. Cline. It appeared from the testimony, that all pharmacists present at *771 the hearing, which included the members of the Board of Pharmacy and Levin, were well aware of the difference between the drugs "escatrol" and "obersel." The Board refused to accept as satisfactory Levin's claim he made a mistake in delivering the 100 "obersel" tablets, because he thought they were called for in the prescription for "escatrol," and both contained amphetamine salts.
It is true some odium attaches to the method employed by some licensing boards in apprehending violators through the use of agents who make purchases and procure deliveries to themselves of unprescribed or restricted items. Nevertheless, due to the difficulties involved in regulating certain professions, such procedures have been found to be necessary and appropriate to properly administer the regulatory laws in the interest of the health and welfare of the general public. See Mitchell v. Gillespie, Fla.App., 164 So.2d 867, affirmed 172 So.2d 819; Florida Board of Pharmacy v. Hall, Fla.App., 157 So.2d 824; and Carter v. State, Fla., 155 So.2d 787.
It is apparent that because of the particular issues in the hearing, the members of the Board of Pharmacy, who are all pharmacists (see F.S. Sec. 465.041, F.S.A.), were in all probability better qualified than others not members of the profession, to determine whether their fellow-professional Levin's action and conduct in the premises measured up to the recognized standards and regulations of the pharmaceutical profession.
We find no error in the findings of the Board. Its determination appears fully supported by the evidence. Whether the excuse offered by Levin was satisfactory to exonerate him of the ostensible violation was a matter peculiarly within the province of the members of the Board of Pharmacy. Their judgment in this particular respect is entitled to considerable weight since, as pharmacists themselves, their professional knowledge and experience respecting differences between the particular drugs and their brand names, their possible deleterious effects if misused, and the obligation to carefully comply with prescription requirements, unquestionably enabled them to better evaluate the explanation offered by Levin.
The judgment vacating the Board's order is quashed and the cause is remanded to the District Court with directions to proceed in accordance with this opinion.
It is so ordered.
THORNAL, C.J., and ROBERTS and DREW, JJ., concur.
O'CONNELL and CALDWELL, JJ., agree to conclusion.
THOMAS, J., dissents.