214 So.2d 892 (1968)
PEST CONTROL COMMISSION OF FLORIDA, Appellant,
v.
ACE PEST CONTROL, INC., Appellee.
PEST CONTROL COMMISSION OF FLORIDA, Appellant,
v.
ERNEST CHARLES MOON, Appellee.
Nos. K-235, K-236.
District Court of Appeal of Florida. First District.
October 24, 1968.
*893 Driscoll, Baugh & LaGrone, Orlando, for appellant.
Brannon, Brown, Norris, Vocelle & Haley, Lake City, for appellees.
SPECTOR, Judge.
Appellant seeks review of interlocutory orders enjoining it from proceeding against the appellees in these consolidated cases.
Appellant is a state agency charged with the duty of administering the provisions of Chapter 482, Florida Statutes, F.S.A., which provides for the regulation and licensing of persons engaged in the performance of structural pest control. Among the powers conferred upon the commission is the revocation and suspension of licenses when violations of the statutes or rules enacted thereunder have occurred. Specific grounds for suspension and revocation are set out in Section 482.161. When any person is charged with a violation, the commission is required to serve the respondent with a notice of hearing and the charges, the latter being required to be set forth with sufficient specificity so as to advise the respondent as to the acts or conduct charged to him to the end that he be afforded a fair opportunity to defend in accordance with due process.
Pursuant to its authority, the commission charged the appellees with certain conduct violative of the statute and rules promulgated thereunder and served the said appellees with notice of hearing on such charges. It is unnecessary to detail the nature of the conduct or acts attributed to the appellees at this time. Sufficeth to say that they related to the improper performance of pest control work and improper application of chemicals so as to cause illness of an occupant of a house where the chemicals were applied, among other charges.
Before the date on which the hearing on the charges was scheduled to be held, appellees filed a suit for declaratory decree and injunction by which they asked the court to render a declaration as to certain defects they contended existed in the proceedings which had been instituted against them by the commission and praying further for the entry of a temporary injunction pending final determination of all the issues raised in the complaint for declaratory decree. A temporary injunction was entered and the trial court denied motions to dissolve the complaint and this interlocutory appeal followed.
We agree with appellant's contention that the temporary injunction appealed was erroneously entered by the court below. Our review of the record and briefs *894 in this case convinces us that the issues raised are controlled by the holding of the Supreme Court in Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla. 1961), stating the rule in these cases to be as follows:
"* * * Promiscuous intervention by the courts in the affairs of these administrative agencies except for most urgent reasons would inevitably result in the dethronement of the commissions and the substitution of the courts in their place and stead. The subject case is aptly illustrative of this point. The taking of testimony on the many issues presented by the complaint would merely be plowing in advance the ground that, under the law, should first be plowed by the Milk Commission. We must assume that these agencies will follow the mandates of the Constitution and the laws in the discharge of their duties. If they fail to do so, those aggrieved may resort to the courts for a review of such actions."
Administrative agencies empowered by statute to hold hearings to determine whether there exist grounds for revoking or suspending licenses of persons engaged in professions and occupations which are so affected with the public interest as to require governmental regulation should not be stifled in the performance of their quasi-judicial duties to hold hearings by premature resort to courts of record before administrative remedies are exhausted. Most regulatory statutes provide methods for review of quasi-judicial orders. In the case at bar, Section 482.181, Florida Statutes, F.S.A., provides that the method of review shall be in the manner set forth in Chapter 120, Part III.
The orders appealed are reversed on authority of Odham v. Foremost Dairies, Inc., supra; Florida State Board of Medical Examiners v. James, 158 So.2d 574 (Fla. App. 1963); Florida Board of Pharmacy v. Levin, 190 So.2d 768 (Fla. 1966); and this court's recent opinion in Meiklejohn v. American Distributors, Inc., 210 So.2d 259.
WIGGINTON, C.J., and CARROLL, DONALD K., J., concur.