CARLTON, Justice.
Petitioner filed suit for declaratory judgment in Circuit Court, Dade County, seeking determination of the right of opticians to fit and adapt, as well as prepare and dispense, contact lenses under Fla.Stat. § 484, F.S.A. Summary final judgment was adverse to petitioner and an appeal was made to the District Court of Appeal, Third District. In a decision reported at 227 So.2d 736, the District Court affirmed the judgment; there was one dissent. The case was subsequently certified as one passing upon a question of great public interest. *841 Jurisdiction vests through Article V, Section 4(2), Florida Constitution, F.S.A.
Under Fla.Stat. § 484.02, F.S.A., a dispensing optician is defined:
“[A]s one who prepares and dispenses lenses, spectacles, eye-glasses and optical devices to the intended user thereof on the written prescription of a physician or optometrist, duly licensed to practice his profession.”
Petitioner Association has taken the position that under this definition, opticians are impliedly empowered to adapt and fit the contact lenses they prepare and dispense under prescription just as they are impliedly empowered to fit and adapt to the user any other form of “lenses, spectacles, eyeglasses and optical devices.” This view was shared by the District Court Judge dissenting below.
Petitioner also contends that since Fla. Stat. § 484.02, F.S.A. specifies activities licensed dispensing opticians are forbidden to engage in, the statutory construction doctrine of “expressio unius est exclusio al-terius” leads to the conclusion that the statute implicitly grants dispensing opticians authority to engage in activities not specifically proscribed, namely, the fitting and adapting of contact lenses. Reference here is to the following language in the statute:
“A dispensing optician * * * shall not engage in the diagnosis of the diseases of the human eye or attempt to determine the refractive powers of the human eyes or, in any manner, attempt to prescribe for or treat diseases or ailments of human beings.” § 484.02.
The Florida State Board of Dispensing Opticians shares petitioner’s views in this matter. Pursuant to rule-making authority given under Fla.Stat. § 484.10, F.S.A., the Board has promulgated Rule No. 245-1.10 of the Rules of the Florida State Board of Dispensing Opticians, to-wit:
“245-1.10 Fitting of contact lenses. The technical fitting of Contact Lenses is embraced in the field of Optical Dispensing. All fittings shall be done only under the supervision of either a licensed Physician or licensed Optometrist.”
Respondent Board of Optometry asserts that petitioner’s position regarding contact lenses is inimical to the public health and welfare, and that it is a position which is not supported by statutory authority. Respondent submits that contact lenses are of a special nature because, unlike all other visual aids, they are fitted directly to the eye of the user. This nexus of a foreign body to the tissue of the eye involves a potential for trauma which the dispensing optician is incompetent to recognize and which requires the careful attention of an optometrist or a licensed physician over an extended period of time. Attention is called to the limited educational qualifications required of a licensed dispensing optician under Fla.Stat. § 484.-03, F.S.A.; these qualifications do not include an understanding of the pathology of the eye. Respondent also points out that Fla.Stat. § 484.02, F.S.A. expressly prohibits the optician from engaging in the diagnosis of the diseases of the human eye or in the treatment of the eye.
After considering all of these arguments, the Circuit Court entered its summary final judgment invalidating Rule No. 245-1.10 and declaring:
“That a dispensing optician has the statutory right to sell contact lenses pursuant to Florida Statute 484.01, but a dispensing optician has no statutory right under Chapter 484, F.S. to insert, fit, adapt or adjust contact lenses to the eyes of an individual. Only a licensed physician or a licensed optometrist has the statutory right under the laws of Florida to insert, fit, adapt or adjust contact lenses to the eyes and face of a patient.”
*842 The District Court affirmed, primarily on the theory that the subject matter necessitated a strict approach in the construction of the statutes in question.
We agree that the special nature of the contact lens requires a restrictive reading of the statutes, but we believe that a more balanced approach to the relative rights of the parties is warranted here in absence of definitive legislation. Fla.Stat. § 484.02, F.S.A., providing that the optician can prepare and dispense “lenses, spectacles, eyeglasses and optical devices,” carries with it the necessary implication that these things can be fitted and adapted to the user as part of the dispensing process. Since contact lenses may be characterized as either “lenses” or “optical devices,” the implication of the right to fit and adapt naturally carries over to the dispensing of contacts as well.
But this implied right is not without limitations. Fla.Stat. § 484.02, F.S.A. provides that a dispensing optician may prepare and dispense lenses, eyeglasses and the like only “on the written prescription of a physician or optometrist.” Since the optician has neither the statutory authority nor the competence to determine the characteristics of the visual aid prescribed, it follows that he may properly fill a prescription for contact lenses only if it contains both the optical specifications and the complete lens specifications desired by the optometrist or physician prescribing the lenses. Having prepared the lenses in precise conformity with the prescription, we perceive no reason under the statutes why the optician cannot proceed to fit and adapt them under the supervision, control and direction of the optometrist or physician prescribing the lenses, if the optometrist or physician so desires. See State Board of Optometry v. Chester, 251 Miss. 250, 169 So.2d 468 (1964); High v. Ridgeway’s Opticians, 258 N.C. 626, 129 S.E.2d 301 (1963). Since Rule 245-1.10, supra, adequately conforms to this view, it should be reinstated.
Respondent has cited to us numerous decisions of other jurisdictions holding that an optician may not fit and adapt these lenses under any circumstances; see, e. g., New Jersey State Board of Optometrists v. Reiss, 83 N.J.Super. 47, 198 A.2d 816 (1964); and many attorney general opinions have been cited as well; see, e. g., Op.Atty.Gen.Fla. 063-144 (1963). But in absence of definitive legislation, we believe our decision comports with the implications of the statutes under review and still safeguards the public health and welfare. We note that the Florida Society of Ophthalmology has filed an amicus curiae brief supporting the position we take today.
A second issue in this case concerned injunctive relief against opticians who might be violating their statutory authority by fitting and adapting contact lenses. In view of our decision here, individual injunctions are appropriate and the District Court properly affirmed the trial court’s ruling to this effect.
The decision under review is affirmed in part and quashed in part, and the cause is remanded to the District Court for further treatment not inconsistent with this opinion.
It is so ordered.
ERVIN, C. J., and DREW and THOR-NAL, JJ., concur.
BOYD, J., dissents.