HENDRY, Judge.
Petitioner-Gallo, M.D., seeks a writ of certiorari under § 458.123, Fla.Stat., F.S. A., to review a final order of the State Board of Medical Examiners (“Board”). The decision of the Board was to approve the recommended order of the hearing examiner, except for a slight modification of the penalty imposed. We deny the writ.
The order appealed found petitioner guilty of violating § 458.1201(1) (k), Fla. Stat., F.S.A. of the Medical Practice Act. The charges under that section were that petitioner violated § 398.08, Fla.Stat., F.S. A., the Uniform Narcotic Drug Act, in his treatment of certain named narcotic addicts. The penalties imposed were a reprimand and a limitation of petitioner’s U. S. Bureau of Narcotic and Dangerous Drugs Registration as to the prescription of certain narcotic and non-narcotic drugs under Schedules I and II.
The underlying facts are that a known addict, who was a paraplegic with intractable pain, was referred to Dr. Gallo by the Hillsborough County Sheriff’s Office for treatment. Dr. Gallo later treated certain other addicts on an out-patient basis. While these other addicts were not recommended to be treated by the Sheriff’s Office, those officials knew that Dr. Gallo was treating them.
All drugs were prescribed, and were not dispensed out of his office. Dr. Gallo testified that he planned to transfer these addicts from heroin purchased from pushers to numorphan (a powerful analgesic) and then planned to transfer them from numor-phan.
The Board attached importance to the fact that large doses were prescribed and that some doses were increased. The Board also found that the petitioner was unfamiliar with the treatment of addicts and with the narcotics laws. He instituted what the Board characterized as an incomplete treatment program. The Board’s order did not ignore that a deputy sheriff asked this physician to enter a field fraught with peril, but as to which he was ill prepared.
The issue is whether the record reveals substantial competent evidence as to petitioner’s exercise of good faith in the course of his professional practice in dispensing drugs to certain narcotics addicts. The determination of an administrative board should not be reversed except where its order is not supported by competent substantial evidence. The petitioner’s evidence offered in explanation was evaluated by fellow medical doctors in light of recognized standards and regulations of their profession.
An analogous situation was presented in Florida Board of Pharmacy v. Levin, Fla.1966, 190 So.2d 768. The Supreme Court, at p. 771, concluded:
“It is apparent that because of the particular issues in the hearing, the members of the Board of Pharmacy, who are all pharmacists (see F.S. Sec. 465.041, F.S.A.), were in all probability *99 better qualified than others not members of the profession, to determine whether their fellow-professional Levin’s action and conduct in the premises measured up to the recognized standards and regulations of the pharmaceutical profession.
“We find no error in the findings of the Board. Its determination appears fully supported by the evidence. Whether the excuse offered by Levin was satisfactory to exonerate him of the ostensible violation was a matter peculiarly within the province of the members of the Board of Pharmacy. Their judgment in this particular respect is entitled to considerable weight since, as pharmacists themselves, their professional knowledge and experience respecting differences between the particular drugs and their brand names, their possible deleterious effects if misused, and the obligation to carefully comply with prescription requirements, unquestionably enabled them to better evaluate the explanation offered by Levin.”
Cf. Bryant v. City of Lakeland, 158 Fla. 151, 28 So.2d 106 (en banc).
In Commonwealth v. Noble, 230 Mass. 83, 119 N.E. 510, L.R.A. 1918E, 667 (1918) the court affirmed a criminal conviction of A physician for prescribing narcotics when they were not obviously needed for therapeutic- purposes to several persons known to him as being habitual stated, at p. 512, usfers. The court
“While the question is or is not obviously needed for therapeutic purposes in a given case is a question for the attending physician, and he is not to be held liable for a violation of the statute if he acts in good faith, it does not follow that his judgment in the matter is conclusive and cannot be reviewed or inquired into in a prosecution for an alleged violation of the statute. In the case at bar, upon conflicting evidence and the reasonable inferences to be drawn therefrom, it was a question of fact whether the defendant believed the whether the drue drugs prescribed by him were obviously needed for the treatment of the persons for whom he so prescribed, or whether he was engaged in the business of issuing prescriptions to habitual drug users at $2 each, solely for his pecuniary gain and without reference to the question whether such drugs were obviously needed by those who obtained them or not.”
Similarly, in People v. Gaugliata, 362 Ill. 427, 200 N.E. 169, 103 A.L.R. 1035, a criminal conviction of a physician also licensed as a pharmacist was upheld, dispite certain contradictory evidence. That court also passed upon the phrase in the Illinois statutes,, substantially the same as the Uniform Narcotic Drug Act, “a physician, in good faith and in the course of his professional practice . . . ”
For the reasons stated and upon the authorities cited we conclude that the order of the Board, composed of fellow physicians, is supported by substantial competent evidence.
Certiorari denied.