279 So.2d 79 (1973)
Emanuel PUSHKIN et al., Appellants,
v.
Louis LOMBARD et al., Appellees.
No. 72-835.
District Court of Appeal of Florida, Third District.
May 15, 1973.
Rehearing Denied July 3, 1973.
*80 Sam Daniels, Edward P. Swan, Miami, for appellants.
Cushman & Cushman, Prunty, Ross, DeLoach & Olsen, Miami, for appellees.
Before CHARLES CARROLL and HENDRY, JJ., and JOHNSON, DEWEY M., Associate Judge.
HENDRY, Judge.
Appellants, members of the Florida Board of Optometry (hereinafter the "Board"), seek review of a declaratory judgment rendered in a class action construing the meaning and rights of appellees under § 463.11(2)(a) and (d), Fla. Stat., F.S.A. We hold that the lower court did not have jurisdiction over the cause and, accordingly, reverse.
Florida Statute, § 463.11, F.S.A., provides, inter alia:
"(2) `Unprofessional conduct' for the purposes of this chapter is defined as any act or conduct that deceives or defrauds the public or any individual and includes, but is not limited to:
"(a) The solicitation of practice by any means or in any manner:
"* * *
"(d) Advertising in any manner or form or being a party to or having any interest in any agreement, arrangement, association, or understanding whereby profits or benefits are derived or received from advertising, advertisements, or promotion of sale or sales of ophthalmic materials or service in connection therewith or incident thereto, or the conduct of the practice of optometry in a manner that indicates or gives the appearance of the existence of any such agreement, arrangement, association, or understanding:"
The original plaintiffs in this cause, Dr. Edward Tescher and Dr. Marshall W. *81 Wright,[1] duly licensed optometrists, were charged by the "Board" with violation of the aforementioned statute by having their:
"... [O]ptometric office[s] located in the immediate vicinity of ... an optician's office. That said optician advertises in local newspapers, `complete vision service', or words of similar import. That the above advertisement infers that an individual can have his eyes examined at that office. An optician by Florida law cannot diagnose the eyes of any individual.
"That said D[octors] ... [are] by the above said advertising soliciting patients for [their] practice as an optometrist, as described hereinafter and [are] making a profit or deriving a benefit therefrom.
"That said conduct ... indicates or gives the appearance of the existence of an agreement, arrangement, association, or understanding between [said doctors] and said [optician] to advertise for [their] benefit."
The doctors were then called upon to answer the charges by the "Board" to determine whether or not their licenses should be revoked or suspended.
Prior to the hearing on said charges, the plaintiffs filed this action for declaratory and injunctive relief in the Circuit Court, in and for Dade County, Florida, as a class action, for themselves and five hundred and eighty-six other similarly situated optometrists. Pending determination of the cause, the trial court issued a temporary restraining order enjoining the "Board" from prosecuting any pending disciplinary proceedings against the plaintiffs.
After hearings in the cause, the trial court issued its final declaratory judgment and found: (1) that the aforementioned statute did not prevent an optometrist from maintaining an office in the immediate vicinity of, or next door to, or adjacent to a dispensing optician advertising "complete vision or optical service", nor did it constitute "unprofessional conduct"[2]; (2) that referrals of patients between optometrists and opticians closely situated was not violative of the statute: and (3) that an optometrist so situated may rent or lease an office and/or equipment from a dispensing optician in an agreement that does not allow the lessor to retain authority or control over the practice of the optometrist.
The appellant "Board" takes issue with two of these findings by the trial court[3] but also initially attacks the jurisdiction of the trial court to do any act in this matter since the lower court allowed the plaintiffs to by-pass and interfere with the orderly administrative proceedings of the "Board". Thus, in effect, the appellant claims that the appellees have failed to exhaust their administrative remedies before attempting to invoke the scrutiny of the court. We agree with appellant and reverse.
A similar situation arose in the case of Odham v. Foremost Dairies, Inc., Fla. 1961, 128 So.2d 586, wherein the dairy was called upon by the Florida Milk Commission to show cause why appellee's license to sell milk and milk products should not be suspended or revoked and the dairy filed an action for declaratory relief. In *82 finding that the action should be dismissed, the Supreme Court, speaking through Justice Drew, said: (128 So.2d at 592-593)
"Administrative boards and bureaus of this kind are now permanent fixtures in our government. Such boards and bureaus have been the source of great controversy in recent years and there have undoubtedly been abuses from time to time of the powers which are necessarily vested in them. On the other hand, all modern students of government recognize the fact that, in the complex society in which we live, the orderly administration of the affairs of the people require such agencies. In those instances where there have been gross or flagrant abuses of power, or where such agencies have attempted to act beyond the powers delegated to them, the courts have unhesitatingly intervened. On the other hand, these agencies have been vested with powers and responsibilities in their field of operation by the legislative branch of the government. The courts have been extremely reluctant to interfere with the actions of such bodies in the proper performance of their duties and responsibilities in the absence of a clear and unmistakably flagrant violation of a constitutional or statutory right of the affected party. Promiscuous intervention by the courts in the affairs of these administrative agencies except for most urgent reasons would inevitably result in the dethronement of the commissions and the substitution of the courts in their place and stead. The subject case is aptly illustrative of this point. The taking of testimony on the many issues presented by the complaint would merely be plowing in advance the ground that, under the law, should first be plowed by the Milk Commission. We must assume that these agencies will follow the mandates of the Constitution and the laws in the discharge of their duties. If they fail to do so, those aggrieved may resort to the courts for a review of such actions.
"[10, 11] This Court has consistently held that where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act. The doctrine has been referred to as the exhaustion of administrative remedies. It is related to the doctrine of primary jurisdiction. An examination of the many authorities of texts on this question reveals a consistent attitude of the courts that judicial intervention with administrative action is justified only in those instances where the invalidity of the administrative act is not subject to reasonable differences of opinion."
See also: Pest Control Commission of Florida v. Ace Pest Control, Inc., Fla. App. 1968, 214 So.2d 892; Florida State Board of Medical Examiners v. James, Fla.App. 1963, 158 So.2d 574.
Of course, we note that the record fails to show that the appellant challenged the action below on the specific grounds of failure to exhaust administrative remedies. However, such an attack goes to the very subject matter jurisdiction of the court to hear a matter and may be attacked at any time. RCP 1.140(h), 30 F.S.A.[4] In addition the later inclusion of a party plaintiff not charged by the "Board" does not change the initial defect in the action since at the time the suit was initiated the court was without jurisdiction to hear the matter.
Therefore, for the reasons stated and upon the authorities cited and discussed, the final declaratory judgment appealed from is hereby reversed.
Reversed.
NOTES
[1] Subsequently, the original plaintiffs in this cause voluntarily removed themselves from the cause and were replaced by others similarly situated. The present named party plaintiffs-appellees are Drs. Louis Lombard, Leonard M. Glickstein, Jack Karsten and Paul D. Jagers, Jr.
[2] This first finding of the trial court was never questioned by the "Board". Appellant's brief recited, "The Board does not take issue with the lower court's First declaration that optometrists are not guilty of unprofessional conduct merely because they have an office next door to a dispensing optician who advertises a complete vision service."
[3] Id.
[4] RCP 1.140(h) has recently been amended, effective January 1, 1973, and presently reads, in part:

"... [T]he defense of lack of jurisdiction of the subject matter may be raised at any time."
However, even prior to the amendment the rule was so interpreted. Schmauss v. Snoll, Fla.App. 1971, 245 So.2d 112.