## ORLANDO COMMUNICATIONS CLUB, Inc. v.
## SOUTHERN BELL TEL. & TEL. CO.
### No. 74-7213-CA.
Circuit Court, Duval County.
September 23, 1974.

C. Ray Greene, Jr. and Hugh Davenport of Greene, Greene, Smith & Davenport, Jacksonville, for the plaintiff.

Earl B. Hadlow of Mahoney, Hadlow, Chambers & Adams, and Nathan H. Wilson, all of Jacksonville, for the defendant.

MARION W. GOODING, Circuit Judge.

*Final judgment:* This cause came on for hearing before this court upon the motion of defendant, Southern Bell Telephone and Telegraph Company, for a judgment on the pleadings which show that the defendant is entitled to a judgment as a matter of law, and the court having heard argument from the respective parties in regard hereto, the court finds —

(1) Plaintiff has sought to compel defendant Southern Bell Telephone and Telegraph Company to provide plaintiff with intrastate Wide Area Telephone Service (WATS) lines.

(2) Defendant has declined to provide the service on the ground that the usage of WATS lines intended by plaintiff would be in violation of WATS Tariff 11 filed with the Florida Public Service Commission.

(3) Adjudication of plaintiff's rights will necessarily involve the construction and application of WATS Tariff 11 and a knowledge of commercial and technical factors bearing on rate and tariff

structures. Jurisdiction to resolve such issues is vested in the appropriate public service commission. §364.01(2), Florida Statutes; United States v. Western Pacific R. Co., 352 U.S. 59, 65-67, 1 L. Ed.2d 126, 132-34 (1956). Moreover, it appears that any adjudication of plaintiff's rights may have a significant impact upon the uniform rate and regulatory structure established by the Florida Public Service Commission. Accordingly, "judicial abstention" is required "where protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." United States v. Philadelphia National Bank, 374 U.S. 321, 353, 10 L. Ed.2d 915, 939 (1963).

(4) Plaintiff has failed to exhaust its administrative remedies before the Florida Public Service Commission, which could afford plaintiff complete relief. The commission has been held to have exclusive jurisdiction over controversies involving the reasonableness of rate and tariff structures. §364.01(2), Florida Statutes; Cole v. Southern Bell Telephone and Telegraph Co., 221 So.2d 200 (Fla. App. 3d 1969). Until plaintiff exhausts its administrative remedies, the courts will not act. Odham v. Foremost Dairies, Inc., 120 So.2d 586, 593 (Fla. 1961); Pushkin v. Lombard, 279 So.2d 79, 82 (Fla. App. 3d 1973).

It is therefore ordered and adjudged that plaintiff's complaint is dismissed, with prejudice, but with the right vested in plaintiff to pursue its administrative remedies before the Florida Public Service Commission as provided by law.