JOHNSON, Judge.
The appellee Florida State Board of Optometry filed its complaint against appellants seeking a permanent injunction to enjoin appellants, their officers, agents and employees from conspiring, soliciting, negotiating, inducing or otherwise engaging in conduct wjth optometrists in this State that would cause such optometrists to violate Chapter 463, Florida Statutes, and the Rules and Regulations of the appellee Board. Appellants moved to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a cause of action. The trial court denied this motion and this interlocutory appeal ensues.
Appellants claim that the Circuit Court does not have jurisdiction over the subject matter of this suit nor did the complaint state a cause of action against appellants for the reasons that appellants are not optometrists nor are appellants accused of engaging in the unlawful practice of optometry. Chapter 463, Florida Statutes, gives the appellee primary jurisdiction over disciplinary matters involving optometrists. Section 463.11(3) further provides that it is unlawful for any corporation, etc. to engage in the practice of optometry through means of engaging the services of any person licensed to practice optometry in the state. And, § 463.19 authorizes the appel-lee Board to bring suits to enjoin “continuing violations” of Chapter 463. It is appellants’ contention that there can be no “continuing violation” in this cause inas *153 much as the complaint does not allege that appellee has found any optometrist in question to be guilty of any violation of Chapter 463, nor has the Board found appellants guilty of, or even charged appellants with, engaging in the unlawful practice of optometry.
After a careful review of the record on appeal and the oral argument and briefs submitted by the parties, we have reached the conclusion that the trial court erred in denying appellants’ motion to dismiss. Ap-pellee admits herein, as it did in its complaint, that Chapter 463 does not give ap-pellee jurisdiction over appellants. Yet, it is claimed that there have been cases where appellee sought successfully to enjoin non-licensed individuals or entities for various violations of Chapter 463, citing State Board of Optometry v. Gilmore, 147 Fla. 776, 3 So.2d 708 (1941). Also see S. S. Hollender v. Morgus, 156 Fla. 173, 23 So.2d 89 (1945). However, in those cases it is clear that the unlicensed individual or entity was charged with the actual unlawful engaging in the practice of optometry. Here, appellants were not so charged. Appellants were charged with inducing optometrists to enter into arrangements which would cause the optometrists to be in violation of Chapter 463. Such a charge does not state a cause of action against appellants for there is no statutory prohibition under Chapter 463 for inducing an optometrist to violate Chapter 463. For the same reason, the Circuit Court has no jurisdiction over the subject matter of this suit, as there can be no “continuing violation” of a nonexistent offense.
Accordingly, the Order denying appellants’ motion to dismiss the complaint is reversed and the trial court is directed to dismiss the complaint without prejudice to appellee to file a proper amended complaint, if it so desires.
Reversed and remanded with directions.
RAWLS, C. J., and MILLS, J., concur.