PER CURIAM.
By this appeal the appellants, who were plaintiffs in the trial court, seek review of a summary final judgment enjoining them from practicing optometry by the fitting of contact lenses except while acting under the direct supervision of a person duly licensed as an optometrist or physician. In said summary final judgment, the following is found:

“ * * * The Court finds that it has jurisdiction of the parties and of the subject matter of this suit; that there is no dispute as to any material facts; that certain acts engaged in by defendants in adapting and fitting contact lenses constitutes, as a matter of law, the practice of optometry as defined by Florida Statutes; and that Plaintiff is, as a matter of law, entitled to a summary judgment on its complaint.
“The defendants in this suit are a corporation which dispenses optical supplies and Mr. Richard Aeh, a licensed optician. The depositions and affidavits show, without dispute as to any material facts, that the defendants received a prescription from a customer who wished to purchase contact lenses. The prescription was written by a licensed optometrist. It contained only the necessary information for the fabrication of eyeglasses but was marked “O.K. for contacts.” Mr. Aeh used a keratometer and other instruments to obtain various readings and measurements of the radius and curvature of the cornea of the human eye, and converted the original prescription from one for eyeglasses to one for contact lenses. Having done so, he ordered contacts and supplied the following information which was not on the original prescription: the right and left base curve of the lens, the prescription (power), the dize, the color, the thickness, and the outer blend of the lens for polishing. Thereafter, an employee of the defendants proceeded to fit the lenses to the customer by assisting him in the actual placement of the lenses in his eyes. The customer was also given a wearing schedule and instructions. Neither a licensed optometrist nor a physician was present during the above transactions, nor was there any contact between defendants and a licensed optometrist or physician concerning the above events from the time defendants received the prescription until the time the contacts were ultimately sold and dispensed to the customer.
“The foregoing activities, individually and collectively, are violative of the clear language of the dictates of the Supreme Court in Florida Association of Dispensing Opticians v. Florida State Board of Optometry, 238 So.2d 839 (Fla.1970):
. . . Fla.Stat. § 484.02, F.S.A. provides that a dispensing optician may *755 prepare and dispense lenses, eyeglasses and the like only ‘on the written prescription of a physician or optometrist.’ Since the optician has neither the statutory authority nor the competence to determine the characteristics of the visual aid prescribed, it follows that he may properly fill a prescription for contact lenses only if it contains both the optical specifications and the complete lens specifications desired by the optometrist or physician prescribing the lenses. Having prepared the lenses in precise conformity with the prescription, we perceive no reason under the statutes why the optician cannot proceed to fit and adapt them under the supervision, control and direction of the optometrist or physician prescribing the lenses, if the optometrist or physician so desires.”
******
The appellant has urged several grounds for reversal, none of which do we find to have merit. World Fair Freaks and Attractions, Inc. v. Hodges, 267 So.2d 817 (Fla. 1972); Pushkin v. Lombard, 279 So.2d 79 (Fla. 3d DCA 1973); Will Ross, Inc. v. Florida State Board of Optometry, 314 So.2d 152 (Fla. 1st DCA 1975); Golden v. McCarty, 337 So.2d 388 (Fla.1976); Gibson v. Berryhill, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973). It appears that the trial judge followed, explicitly, the decision of the Supreme Court of Florida in Florida Association of Dispensing Opticians v. Florida State Board of Optometry, 238 So.2d 839 (Fla.1970). Clearly mathematical notations on the prescription tendered to the optician were for eyeglasses and not for contact lenses. The facts were undisputed and we, therefore, affirm the summary final judgment under review.
Affirmed.