### DIPLAST, S. A. v. DADE COUNTY.
No. 77-7891.
Circuit Court, Dade County.
February 3, 1978.

John G. Fletcher, South Miami, for the plaintiff.

Stuart L. Simon, County Attorney, Stanley B. Price, Assistant County Attorney for the defendant.

JAMES H. EARNEST, Circuit Judge.

*Final judgment on the pleadings for the defendant:* This cause came on to be heard pursuant to a motion for judgment on the pleadings filed by the defendant, Dade County. The plaintiff, Diplast, S. A., is a foreign corporation which owns real property in Dade County which is zoned GU (Interim Use — one home per five acres). The plaintiff filed a complaint for declaratory and injunctive relief which contends *inter alia* that Dade County Ordinance No. 74-17 is unconstitutional and void. Ordinance No. 74-17 amended Section 33-196, Dade County Code, so as to make the EU-2 lot size standards of one home per five acres applicable to the GU zoning category.

It is axiomatic that in considering a motion for judgment on the pleadings all well-pleaded material allegations of fact of the opposing party's pleadings are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Williams v. Howard, 329 So.2d 277 (Fla. 1976). Mindful of this cardinal rule of law, this court has assiduously reviewed the pleadings in this cause and must rule for the defendant.

A careful reading of the complaint indicates that the plaintiff feels aggrieved by the GU zoning classification *as applied to its specific parcel of property.*[1] (See paragraphs 9, 12 and 13 of the complaint.) As pointed out by the defendant and not refuted by the pleadings, the plaintiff has neglected to avail itself of a myriad of administrative remedies provided by the Dade County Code to change the zoning and landuse implications of a GU zoning classification. The pleadings indicate that the plaintiff has never sought to amend the Dade County Comprehensive Development Master Plan (CDMP), nor has it ever sought a zoning change on its property. In Castellano v. Crouse, 45 Fla. Supp. 106 (Case No. 76-21377, Dade County Circuit Court), my learned colleague Judge Turner, when confronted with an analogous factual situation to the instant cause, disposed of the plaintiff's complaint by employing the following reasoning —

---

1. Even if the complaint was framed as an attack against the constitutionality of Ordinance No. 74-17 per se,the court is mindful that the Third District Court of Appeal has in two recent opinions upheld the GU zoning classification as applied. Moviematic Industries Corp. v. Board of County Commissioners of Metropolitan Dade County, 349 So.2d 667 (Fla. 3d DCA 1977) ; Dade County v. Yumbo, S.A., 348 So.2d 392 (Fla. 3d DCA 1977).

"If plaintiff believes that the CDMP improperly places his property within the 'Environmental Sensitivity Zone' or feels that the requirements are unduly restrictive, he has the option of filing an application to amend the CDMP. Section 2.116.1, Dade County Code. Even without such an amendment, plaintiff has the right to seek a zoning change (and the attendant right of access to the courts). But absent some future application by plaintiff to have his property rezoned, this action is premature. By failing to exhaust his administrative and quasi-judicial remedies the plaintiff is precluded at this time from instituting this cause of action against the defendant, Dade County." (45 Fla. Supp. at 110)

The rule requiring the exhaustion of administrative remedies was succinctly stated by the Florida Supreme Court in a recent decision —

"Where a method of appeal from an administrative ruling has been provided, such method must be followed to the exclusion of any other system of review. Where an administrative remedy is provided by statute, relief must be sought by exhausting this remedy before the courts will act." Florida Weld. & E. Serv. Inc. v. American Mut. Ins. Co., 285 So.2d 386, 389-90 (Fla. 1973)

The doctrine has been fundamental in Florida law for many years. See 1 Fla. Jur., *Administrative Law,* §175; Pushkin v. Lombard, 279 So.2d 79 (Fla. 3d DCA 1973); City of Coral Gables v. Sakolsky, 215 So.2d 329, 334-5 (Fla. 3d DCA 1968); DeCarlo v. West Miami, 49 So.2d 596 (Fla. 1950). Its application to zoning cases is also well settled. Planning & Zoning Board of the Town of Orange Park v. Kager, 351 So.2d 402 (Fla. 1st DCA 1977); General Electric Credit Corporation of Georgia v. Metropolitan Dade County, 346 So.2d 1049 (Fla. 3d DCA 1977).

The plaintiff has sought an avoidance of well-established administrative procedures by prematurely filing this lawsuit.

Based upon the aforementioned, it is ordered and adjudged — (1) Defendant's motion for judgment on the pleadings is granted. (2) A final judgment is granted against the plaintiff. (3) The court's order setting cause for non-jury trial is withdrawn. (4) The court reserves jurisdiction to tax appropriate costs against the plaintiff.