PER CURIAM.
Appellees’ motion to dismiss this appeal is granted. The trial court’s order denying appellant’s motion to dismiss the complaint is not one of those non-final orders from which an interlocutory appeal is authorized by Rule 9.130(a)(3)(C), Florida Rules of Appellate Procedure. The underlying motion to dismiss was based solely upon appellees’ failure to exhaust administrative remedies. Appellant’s contention that jurisdiction of the person is involved in the trial court’s determination of that motion is without merit. American Health Association, Inc. v. Heiprin, 357 So.2d 204 (Fla. 4th DCA 1978). Neither is jurisdiction over the subject matter, in the conventional sense of that phrase, involved here. The defense of failure to exhaust administrative remedies sounds more in policy than in jurisdiction. To be sure, the phrase primary jurisdiction has been employed to describe the seeming lack of power of a court to exercise jurisdiction where this defense is successfully interposed. Pushkin v. Lombard, 279 So.2d 79 (Fla. 3rd DCA 1973); School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977). However, we prefer the analysis and language of Jones v. Braxton, 379 So.2d 115 (Fla. 1st DCA 1979) that what is involved in these cases is policy, not jurisdiction. Because the order did not involve either jurisdiction over the person, appeala-ble under Rule 9.130(a)(3)(C), or jurisdiction over the cause, which may be raised at any stage of the proceedings, Bohlinger v. Higginbotham, 70 So.2d 911 (Fla.1954), we dismiss the appeal without prejudice to the parties’ right to raise the issue on plenary appeal.
DOWNEY, HERSEY, and HURLEY, JJ., concur.