ON MOTION FOR REHEARING
PER CURIAM.
We vacate the court’s earlier opinion and affirm the trial court’s partial summary judgment for the plaintiff under the lemon law.
There are a number of concerns which have occasioned this .change of heart. First, there were no meritorious reasons to *642 reverse other than the jurisdictional issue raised by the defendant in its main brief. Second, we erred in basing our reversal on a lack of subject matter jurisdiction. Key Haven v. Board of Trustees of Internal Improvement, 427 So.2d 153, 157 (Fla.1982), held:
Clearly, the determination of whether a particular controversy may be taken out of the administrative process and into a circuit court is a question of judicial policy and not a matter of judicial jurisdiction. Judicial intervention in the decision-making function of the executive branch must be restrained in order to support the integrity of the administrative process and to allow the executive branch to carry out its responsibilities as a co-equal branch of government.
Appellant did not call any of the foregoing to the attention of the trial court in any of its pleadings or memoranda. Accordingly, the basis of our earlier reversal was the result of our being led into error by appellant’s main brief and by our failure to pick up on the belated, albeit candid, reference by appellant in its reply brief to City of Miramar v. DCA Homes, Inc., 385 So.2d 152 (Fla. 4th DCA 1980), which predated Key Haven, but held substantially the same.
Appellant not only stonewalled the consumer in this case, making it impossible for him to arbitrate, it had to eliminate a clerk’s default to be a litigator in the trial court. The rest of the troubled course of the appeal has appropriately turned this case into lemon litigation over lemon law.
The question that emerges from all of the foregoing is whether we are obligated to defer to the executive branch when one of the parties creates such a scenario that the judiciary considers such deference contrary to the administration of justice and the principles of waiver and estoppel. Such is the case here; and we elect to refrain from applying Key Haven under the circumstances.
Finally, there is another concern; namely, access to the courts. As appellee points out, if every automobile dealer stonewalled its consumers as was done here, forcing the consumer to seek some administrative order which bypasses arbitration, such conduct by the dealer would be placing the burden on the wrong party; namely, the victim and probably the one least able to afford fronting the costs or fees in seeking resolution of a dispute.
ANSTEAD, GLICKSTEIN and POLEN, JJ., concur.